STAUGLER, Appellee,

v.

**STAUGLER, Appellant.**

[Cite as *Staugler v. Staugler,* 160 Ohio App.3d 690, 2005-Ohio-1917.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–04–22.

Decided April 25, 2005.

Kathryn W. Speelman, for appellee.

Thomas Luth, for appellant.

---

ROGERS, Judge.

{¶ 1} Although this appeal was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2} Defendant-appellant, Michael J. Staugler, appeals from a judgment of the Mercer County Common Pleas Court, overruling his objections to a magistrate's decision that modified his existing child-support obligations. Michael contends that the trial court abused its discretion in adopting the magistrate's decision. After reviewing the entire record and the applicable law, we find that the magistrate failed to determine whether the revised amount of child support as calculated by the Mercer County Child Support Enforcement Agency ("CSEA") was appropriate. Accordingly, it was error for the trial court to adopt the magistrate's decision, and the judgment of the trial court is reversed.

{¶ 3} Michael and Michele Staugler were divorced on July 18, 2002. A shared-parenting plan was adopted by the trial court and incorporated into the trial court's July 18 judgment entry.[1] According to the shared-parenting plan, Michael was required to pay Michele $383.82 per month as child support for their three children. This amount was subsequently reduced to $261 per month by a termination order when Michael and Michele's oldest daughter turned 18.

{¶ 4} Sometime thereafter, CSEA reviewed Michael's child-support obligation and issued an administrative-adjustment recommendation. Consequently, Michael requested a court hearing on CSEA's recommended adjustment. On September 8, 2004, a magistrate issued an order that set the hearing for September 28, 2004.

{¶ 5} At the September 28 hearing, both Michael and Michele were represented by counsel. CSEA was also represented by counsel, but the magistrate allowed CSEA's counsel to leave without presenting any evidence. Both Michael and Michele presented evidence concerning their respective incomes, health-care coverages, and child-care expenses. No evidence was presented or introduced concerning CSEA's recommended administrative adjustment.

---

1. Both the judgment entry and the shared-parenting plan inexplicably cite R.C. 3113.21 and 3113.215, both of which were repealed by S.B. No. 180, which has an effective date of March 22, 2001.

{¶ 6} Subsequently, the magistrate issued a decision containing findings of fact and conclusions of law. The magistrate specifically stated in her conclusions of law that she was relying on R.C. 3119.022 in calculating Michael's child support. After completing the worksheet illustrated in R.C. 3119.022, the magistrate determined that Michael's child support should be raised from $261 per month to $739.07 per month. The magistrate made no findings regarding CSEA's recommended administrative adjustment.

{¶ 7} Michael appealed from the magistrate's decision to the trial court. After reviewing the transcripts from the magistrate's hearing, the evidence presented at the hearing, and the magistrate's decision, the trial court issued a judgment entry overruling all of Michael's objections and adopting the magistrate's decision.[2] Michael appeals from this judgment, presenting the following assignments of error for our review.

### Assignment of Error I

The trial court erred in calculating support to be paid by Defendant–Appellant.

### Assignment of Error II

The trial court erred in excluding evidence of the minor children's prior contacts with law enforcement.

{¶ 8} In his first assignment of error, Michael claims the trial court erroneously calculated the amount of child support that he owed to Michele. Specifically, Michael takes issue with the trial court's factual determinations concerning his income, Michele's income, his business expenses, his cost of dental insurance, and the amount of credit he is due for time he spends with the children under the shared-parenting plan. In his second assignment of error, Michael contends that the trial court erred by refusing to allow testimony concerning one of his children's history of legal problems. However, because we find that the trial court abused its discretion by adopting the magistrate's decision without first determining whether CSEA's administrative-adjustment recommendation was appropriate, we base our decision on grounds other than those raised by either party to this appeal.

{¶ 9} It is within this court's discretion to decide legal issues not suggested by the parties to an appeal. *State v. Peagler* (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489, citing *C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 301, 67 O.O.2d 358, 313 N.E.2d 400. The only limitation on this

---

2. The trial court's December 13, 2004 judgment entry also refers to statutes that were repealed by S.B. No. 180.

discretion is that the evidence in the record must be sufficient for the appellate court to determine a particular legal issue. Id.

{¶ 10} The record herein is clear. The motion for a hearing made by CSEA stated that the request for the hearing was the result of an administrative-adjustment recommendation. The magistrate failed to determine at the hearing held pursuant to that motion whether the recommendation was appropriate. Moreover, the trial court adopted the magistrate's decision without determining whether the recommended administrative adjustment was proper. This failure is sufficient evidence to prove that the both the magistrate and trial court failed to comply with the requirements of R.C. 3119.66. Accordingly, in our discretion, we elect to address the legal issues implicated in the record.

{¶ 11} R.C. 3119.60 and 3119.63 establish the procedures that CSEA must follow when performing an administrative review of a court-issued child-support order. *Fields v. Fields*, 9th Dist. No. 04CA0018–M, 2005-Ohio-471, 2005 WL 293609, at ¶ 9; *Jones v. Bowens*, 11th Dist. No. 2002–A–0034, 2003-Ohio-5224, at ¶ 12–13; *Courtney v. Courtney*, 5th Dist. No. 2002CA00108, 2002-Ohio-4716, 2002 WL 31013039, at ¶ 15. Additionally, Ohio Adm.Code 5101:1–30–40.4 augments the above statutes by providing more specific details regarding the procedures that CSEA must follow. *Jones* at ¶ 14.

{¶ 12} Once CSEA has calculated the revised amount of child support, it must give notice of the revised amount to both the obligor and the obligee. R.C. 3119.63(B). According to R.C. 3119.64, if either the obligor or the obligee objects to the revised amount, he or she may request a court hearing on the matter, and that hearing must be conducted in accordance with R.C. 3119.66. R.C. 3119.66 provides:

If the obligor or the obligee requests a court hearing on the revised amount of child support calculated by the child support enforcement agency, the court shall schedule and conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised.

Additionally, R.C. 3119.70 requires a court that conducts a hearing pursuant to R.C. 3119.66 as follows:

(A) If the court determines at the hearing that the revised child support amount calculated by the child support enforcement agency is the appropriate amount, issue a revised court child support order requiring the obligor to pay the revised amount;

(B) If the court determines that the revised child support amount calculated by the agency is not the appropriate amount, determine the appropriate child

support amount and, if necessary, issue a revised court child support order requiring the obligor to pay the child support amount determined by the court.

{¶ 13} Under the plain language of both R.C. 3119.66 and 3119.70, before revising an obligor's amount of child support pursuant to an administrative recommendation, the trial court must first determine whether the revised amount of child support as recommended is appropriate. Only if the trial court first finds that the amount of revised child support as calculated by CSEA is inappropriate may it then make an independent determination concerning the appropriateness of the amount of child support currently being paid.

{¶ 14} Herein, neither the magistrate nor the trial court made any findings regarding CSEA's administrative-adjustment recommendation. The amount of the recommendation was not even mentioned by either the magistrate in her decision or the trial court in its judgment entry. Furthermore, there is no evidence in the record that CSEA followed the proper procedures in arriving at the administrative-adjustment recommendation. In fact, the only place in the record where the administrative-adjustment recommendation was referred to is in CSEA's motion requesting a hearing on the recommendation. There was no evidence whatsoever entered into the record at either the magistrate's hearing or the trial court's review of that hearing concerning CSEA's recommendation.

{¶ 15} In reviewing this issue, we recognize that a trial court's decisions regarding issues of child support are reviewed under an abuse-of-discretion standard and will not be disturbed absent an abuse of that discretion. *Hoose v. Brown*, 3rd Dist. No. 6–04–02, 2004-Ohio-4701, 2004 WL 1961661, at ¶ 7, citing *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108. Furthermore, it is within the trial court's discretion to "adopt, reject, or modify the magistrate's decision." Civ.R. 53(E)(4)(b). However, the magistrate increased Michael's child support obligation from $261 per month to $739.07 per month at a hearing initiated by a CSEA administrative-adjustment recommendation without first determining whether the recommended administrative adjustment was proper. The magistrate basically conducted a de novo review of Michael's child-support obligation and revised the obligation pursuant to her own findings without first considering CSEA's recommendation. Moreover, the trial court also failed to consider CSEA's recommendation when it adopted the magistrate's decision. R.C. 3119.66 and 3119.70 clearly require a determination regarding the validity of such a recommendation. Therefore, we find that it was error for the trial court to adopt the magistrate's decision without making such a finding.

{¶ 16} Additionally, we note that R.C. 3119.67 requires a court that schedules a hearing pursuant to R.C. 3119.66 to "give the obligor, obligee, and child support enforcement agency at least thirty days' notice of the date, time, and location of the hearing." The hearing in the case before us was set for September 28, 2004,

on September 8, 2004. This schedule obviously violates the 30–day notice requirement of R.C. 3119.67.

{¶ 17} In sum, we find that the magistrate erred by modifying Michael's child-support obligation at a hearing on an administrative-adjustment recommendation without first determining the validity of the underlying recommendation. Therefore, the trial court abused its discretion by adopting the magistrate's decision without ruling on the validity of the recommendation. Therefore, both of Michael's assignments of error have been rendered moot and will not be considered by this court. See App.R. 12(A)(1)(c).

{¶ 18} Having found error prejudicial to the appellant herein, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CUPP, P.J., and SHAW, J., concur.