[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We note that the trial court entry spells appellee's last name as "Rocky." However, the record reflects the last name should be spelled "Rockey."
 DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Terry Rockey appeals from the February 8, 2008 decision and judgment entry of the Highland County Court of Common Pleas, Division of Domestic Relations, which ordered Terry to pay specified amounts in child support to Plaintiff-Appellee Dawn Heinzl and ordered him to obtain health insurance coverage for their two minor children. For the following reasons, we affirm.
 I. FACTS {¶ 2} Terry and Dawn were divorced on January 12, 2001. The parties' Separation Agreement, which the court adopted, required Terry to pay child support in the amount of $188.40 per week, not including processing fee, for support of their two minor children and required him to maintain health insurance for the children. The trial *Page 2 
court also issued an order pursuant to former R.C. 3113.217 and specifically ordered Terry to provide health insurance coverage for the children.
 {¶ 3} On October 22, 2007, the Highland County Child Support Enforcement Agency ("CSEA") conducted a review of the court's support order and recommended that the child support be modified to $993.42 per month, not including processing fee, effective November 1, 2007. CSEA also recommended that Terry provide health insurance for the parties' minor children. An administrative modification hearing was then held on November 20, 2007. Dawn failed to appear. Following this hearing, the CSEA hearing officer recommended that the child support be modified to $816.15 per month, including processing fee, effective November 1, 2007. The hearing officer found that Dawn's mother provides child care for the children, but disallowed the child care claim of $100 per week, absent a notarized statement given under oath from the mother. The hearing officer also recommended that Terry provide health insurance for the children, so long as such insurance is available at a reasonable cost through an employer.
 {¶ 4} Dawn timely requested a court review of the administrative hearing.[2] The review hearing was held before a magistrate of the trial court on January 31, 2008. Both Terry and Dawn appeared at the hearing unrepresented, and Dawn's mother, Janice Roy, testified on Dawn's behalf. Following the presentation of evidence, the magistrate made an oral pronouncement of her decision. Specifically, the magistrate stated: "It would be my recommendation that there be a modification of the figures contained in the worksheet, that she should be given credit for $100 for child care as *Page 3 
reflected in this worksheet that I've been presented by the Agency and that child support should be adjusted to $1,013.29." Moreover, finding that there was no objection to the issue of medical support, the magistrate made that recommendation as well, i.e., that Terry be required to provide health insurance coverage for the children.
 {¶ 5} Thereafter, both parties signed an entry styled "Waiver of 14-Day Objection Period and Magistrate's Decision." The entry, which was filed on February 8, 2008, stated:
 We have been advised that we have a right to a separate Magistrate's Decision in this matter. We have further been advised that we have the right to file an objection to the Magistrate's Decision within fourteen (14) days of filing of said Decision.
 We hereby waive our right to a separate Magistrate's Decision and we waive our right to the fourteen (14) day objection period and consent to the filing of a final entry that shall be immediately approved and entered as a matter of record by the Court.
 {¶ 6} On February 8, 2008, the trial court issued its judgment entry, which was also signed by the magistrate. In its entry, the trial court found as follows:
 1. The Court FINDS that the Obligee was contesting the fact that the administrative hearing officer did not include child care paid by the Obligee in the calculation of support.
 2. The Court FINDS that at the administrative hearing the Obligee did not appear and the amount of child care had only been established by written statement.
 3. The Court FINDS that at this hearing the Obligee appeared as well as her mother, the child care provider (Janice Roy). Janice Roy testified that she is paid by her daughter $100.00 per week for the two children of this Order. She further testified that she claims this amount on her tax returns.
 4. The Court has recalculated child support and FINDS that beginning November 1, 2007, Terry Rockey shall pay child support to Dawn Heinzl in the amount of $1013.29 per month plus processing fee. *Page 4 
Moreover, the trial court ordered Terry to obtain health insurance coverage for the children. At no time did either party file any objections with the trial court.
 II. ASSIGNMENTS OF ERROR {¶ 7} In this appeal, Terry presents three assignments of error:
Assignment of Error No. 1: The trial court erred in entering an amended child support order based on oral evidence to the detriment of Appellant and not in accordance with Rule 1002 O.R. Evidence.
Assignment of Error No. 2: The trial court erred to the detriment of Appellant by not properly applying the law to the facts of the case and erroneously computing the child support without consideration of the requirement that there be a substantial change in circumstances sufficient to justify a modification. Section 3119.79(C) of the Ohio Revised Code. The trial court erred in ruling without a preliminary finding that there was a substantial change in circumstances pursuant to Section 3119.79(C) of the Ohio Revised Code.
Assignment of Error No. 3: The trial court abused its discretion and thereby erred to the detriment of Appellant by not considering or applying the requirement of Section 3119.79 of Ohio Revised Code regarding the cost of health insurance to the obligor, Appellant herein as required.
 III. LACK OF OBJECTIONS {¶ 8} Initially, we address Dawn's argument that Terry waived any error concerning child support and/or health insurance coverage for purposes of appeal because he failed to object to the magistrate's decision, waived the 14-day objection period, and consented to the immediate entering of the judgment.
 {¶ 9} Pursuant to Civ. R. 53(D)(3), after conducting proceedings in a referred matter, a magistrate is required to file with the clerk a written decision that is identified as a magistrate's decision and signed by the magistrate. The rule also requires the *Page 5 
clerk to serve copies of the magistrate's decision on all parties or their attorneys no later than three days after the filing of the magistrate's decision. Finally, the rule provides:
 A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b).
Civ. R. 53(D)(3)(a)(iii).
 {¶ 10} Civ. R. 53(D)(3)(b)(i) requires a party to file written objections to the magistrate's decision within 14 days. If no one files objections, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. See Civ. R. 53(D)(4)(c). Civ. R. 53(D)(4)(e)(i) allows the court to enter judgment within the 14-day period, but the timely filing of objections operates as an automatic stay until the court disposes of those objections. Civ. R. 53(D)(3)(b)(iv) provides:
 Except for plain error, a party shall not assign as error on appeal the court's adoption of any finding of fact or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b).
Thus, the failure to file written objections challenging a finding of fact or conclusion of law precludes a party from assigning as error on appeal the court's adoption of that finding or conclusion, absent plain error. The plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Goldfuss v. Davidson,79 Ohio St.3d 116, 122-123, 1997-Ohio-401. *Page 6 
 {¶ 11} Here, the magistrate did not file a written decision in accordance with Civ. R. 53(D)(3)(a). Rather, the magistrate made an oral pronouncement of her decision from the bench and then informed the unrepresented parties as follows:
 I am a Magistrate, you do have the right to object to this decision. I think it is properly calculated now, including the amount of child care, but you do have the right to object. If you choose not to object there is a form you can sign, this form would actually save you some court costs. So, if you know now whether or not you intend to appeal or object to that decision you may want to consider the waiver.
Thereafter, the parties signed the "waiver" form, and the trial court issued a judgment entry, which the magistrate also signed.
 {¶ 12} While Dawn argues that this "waiver" form now prevents Terry from raising his assignments of error before this court, we disagree. The form indicates that the parties were advised that they have a right to a separate magistrate's decision and the right to file an objection to the magistrate's decision within 14 days. However, the "waiver" form did not advise the parties that under Civ. R. 53(D)(3)(b)(iv) a party cannot assign as error on appeal the court's adoption of any factual finding or legal conclusion, unless the party has timely and specifically objected to that finding or conclusion. Yet, as we noted previously, a magistrate's decision must in fact include conspicuous language informing them of this process. See Civ. R. 53(D)(3)(a)(iii). In addition, our review of the hearing transcript shows that the magistrate did not sufficiently advise the parties of the consequences that their failure to file objections would have on their ability to assign errors on appeal. Thus, it does not appear that the parties were properly apprised, as required by rule, of the procedural rules for filing objections and the legal ramifications such a "waiver" would have on their ability to appeal, nor does the waiver itself indicate such an understanding by the parties. Therefore, we conclude that the *Page 7 
"waiver" does not preclude Terry from appealing the trial court's decision or from raising the assigned errors.
 IV. ADMINISTRATIVE REVIEW OF COURT CHILD SUPPORT ORDER {¶ 13} R.C. 3119.63 requires a child support enforcement agency to review a court child support order. As part of the review, R.C. 3119.63
requires the agency to calculate a revised amount of child support to be paid and to give specific notices to the parties. R.C. 3119.63(E) allows an obligor or obligee to request an administrative hearing on the revised child support amount and requires the agency to conduct the hearing, if requested, and to redetermine a revised child support amount.
 {¶ 14} R.C. 3119.63(E) also requires the agency to give notice that an obligor or obligee may request a court hearing on the revised child support amount resulting from the administrative hearing. Following the receipt of such a request, R.C. 3119.64 requires the court to conduct a hearing in accordance with R.C. 3119.66. R.C. 3119.66, in turn, requires the court to "conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised." The court must provide the parties notice of the hearing and, if necessary, require the parties to provide copies of various records, including W-2 statements, pay stubs, and proof of health insurance. See R.C. 3119.67 and R.C. 3119.68. Finally, pursuant to R.C. 3119.70, if a court conducts a hearing pursuant to R.C. 3119.66 and determines that the revised child support amount is appropriate, the court must issue a revised court child support order requiring the obligor to pay the revised amount. But, if the court finds that the revised child support amount is not appropriate, then the court must "determine the *Page 8 
appropriate child support amount and, if necessary, issue a revised court child support order requiring the obligor to pay the child support amount determined by the court." R.C. 3119.70(B); see, also,Staugler v. Staugler, 160 Ohio St.3d 690, 2005-Ohio-1917, ¶¶ 12-14.
 {¶ 15} Moreover, R.C. 3119.02 provides that in any action in which a court child support order is modified, the court or child support enforcement agency must calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule set forth in R.C. 3119.021, the applicable child support worksheet, and the other provisions of R.C. 3119.02 through R.C. 3119.24. The amount of child support calculated using the schedule and worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. A court may order an amount of child support that deviates from this amount if, after considering the factors and criteria set forth in R.C. 3119.23, the court determines that the calculated amount would be unjust or inappropriate and would not be in the best interest of the children. See R.C. 3119.22. R.C. 3119.23 sets forth certain factors a court may consider in granting such a deviation. Furthermore, under R.C. 3119.73, in determining the appropriate amount of child support to be paid by the obligor, a court conducting a hearing pursuant to R.C. 3119.66 shall consider the cost of health insurance that the obligor, the obligee or both have been ordered to obtain for the children specified in the order.
 {¶ 16} It is well established that an appellate court reviews child support matters under an abuse of discretion standard. Long v.Long, 162 Ohio App.3d 422, 2005-Ohio-4052, ¶ 8, citing Booth v.Booth (1989), 44 Ohio St.3d 142, 144; see, also, Pauly v. Pauly,80 Ohio St.3d 386, 390, 1997-Ohio-105. An abuse of discretion "connotes more *Page 9 
than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1985), 5 Ohio St.3d 217, 219. In applying the abuse of discretion standard, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138.
 V. ANALYSIS {¶ 17} In his first assignment of error, Terry contends that the trial court erred in amending the child support order based solely on the unsubstantiated, oral testimony of Dawn's mother, Ms. Roy. He argues that Ms. Roy's testimony failed to comply with Ohio Rule of Evidence 1002 and that the "best evidence" of whether Dawn actually paid Ms. Roy would have been Ms. Roy's income tax returns and/or any canceled checks.
 {¶ 18} At the hearing, Ms. Roy testified as follows:
MAGISTRATE: Do you wish to ask her questions, it is hard for me to help you out since you're both unrepresented by counsel, you'll have to prove your case, you'll have to be able to prove to me that you paid those expenses, you need to ask her questions to justify your position.
DAWN HEINZL: Do you watch my kids?
MS. ROY: I watch our kids.
DAWN HEINZL: And how much do you make?
MS. ROY: $150.00 a week for three kids.
DAWN HEINZL: That's for all three.
MS. ROY: Fifty a piece for each child.
 {¶ 19} During cross examination, she further testified:
MR. ROCKEY: Do you file?
MS. ROY: I file. *Page 10 
MR. ROCKEY: Do you have to show proof of that?
MS. ROY: I write it down everything that she paid me, that's what I . . .
MAGISTRATE: And you claim it on your taxes?
MS. ROY: Yeah.
 {¶ 20} The Best Evidence Rule is set forth in Evid. R. 1002, which states: "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required * * *." "This rule comes into effect only when there is an attempt to prove the content of a writing. It does not require that a writing must be produced where a fact can be proved by a writing." Fairfield CommonsCondominium Assn. v. Steasa (1985), 30 Ohio App.3d 11, 16. In other words, "[t]he rule does not require that a writing be produced anytime one seeks to prove an event or fact which can be proven by a writing, but which exists independently of a writing." Blankenship v. AmericanConsulting Leasing (Sept. 19, 1995), Franklin App. No. 95APE02-156,1995 WL 559957 (holding that the best evidence rule did not apply where defendant sought to prove that a personal check was dishonored, an event that existed independently of the documentation of the event on the check).
 {¶ 21} Here, Terry disputes whether Dawn actually pays her mother $100 per week for child care services for their two minor children. But whether Dawn actually pays her mother is an event or fact that exists independently of Ms. Roy's tax returns and/or any canceled checks. In other words, Dawn offered her mother's testimony to show that she does pay her for child care services and to prove the amount she pays; she did not offer it to prove the "contents" of a writing. While Ms. Roy's failure to claim Dawn's $100 per week child care payments as income on her taxes and/or the lack of *Page 11 
any canceled checks could potentially support Terry's position, the "contents" of these written documents are not at issue in this case. Thus, the Best Evidence Rule was not implicated.
 {¶ 22} Next, Terry argues that under R.C. 3119.68 the trial court should have required Dawn to produce her own tax returns to demonstrate any child care credit/deductions she may have claimed. As noted previously, under R.C. 3119.68, a court shall, if necessary, require the parties to provide copies of various records, including W-2 statements.[3]
 {¶ 23} Based on our review of the record, it does not appear that the trial court or the magistrate ordered Dawn to provide copies of her tax return from the previous year. However, under R.C. 3119.60, if a child support agency plans to review a child support order, prior to formally beginning the review, it must order the obligor and obligee to *Page 12 
provide it with various records, including the parties' tax returns from the previous year. Here, it is unclear from the record whether CSEA ordered the parties to submit the required records under R.C. 3119.60
and thus whether it was necessary for the trial court to require the parties to provide them under R.C. 3119.68. An appellate court must presume the regularity and validity of the proceeding in the trial court, absent a record that affirmatively demonstrates otherwise.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Therefore, where, as here, the record is silent, we must presume that CSEA reviewed the necessary records and, therefore, that the trial court was not required to order the parties to produce them under R.C. 3119.68.
 {¶ 24} Terry failed to raise this issue with the magistrate during the hearing. But even if he had raised it, he cannot now affirmatively demonstrate any prejudice as a result of the trial court's failure to order Dawn to provide her tax information from the previous year. If her tax returns failed to show any credits/deduction for child care expenses, they may tend to support Terry's argument that Dawn did not pay her mother for child care services. But her failure to file such a claim would not necessarily prove that she did not pay her mother for child care.
 {¶ 25} Finally, Terry argues that Ms. Roy's "self-serving" testimony constituted hearsay evidence. Evid. R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally inadmissible unless the evidence falls within one of the recognized exceptions. Evid. R. 802. Terry does not specify any statements from Ms. Roy's testimony that he finds objectionable, but merely points to her entire testimony and argues that the trial court's decision is based solely *Page 13 
on hearsay evidence. Because we have reviewed Ms. Roy's entire testimony and can find no statement that constitutes hearsay evidence, we reject Terry's argument.
 {¶ 26} For all these reasons, we conclude that the trial court did not err in relying upon Ms. Roy's testimony. Therefore, we overrule Terry's first assignment of error.
 {¶ 27} In his second assignment of error, Terry contends that the trial court erred as a matter of law in modifying the child support order without first making the requisite finding that there was a "substantial change in circumstances" pursuant to R.C. 3119.79(C). He also argues that the trial court failed to follow the proper procedure in requiring the parties to provide the court with the necessary documents under R.C. 3119.68 in order to support a "substantial change" finding.
 {¶ 28} Contrary to Terry's assertions, however, R.C. 3119.79 does not apply to this case. R.C. 3119.79 addresses the recalculation of the amount of a child support obligation upon the request of a party.[4]
In other words, it applies to a party's motion to *Page 14 
modify child support obligations. See Butler v. Butler, Scioto App. No. 02CA2833, 2002-Ohio-5877, ¶ 21. Statutory sections R.C. 3119.60 through R.C. 3119.67, on the other hand, relate to an administrative review of the child support obligation. Id.
 {¶ 29} Here, CSEA conducted an administrative review of the child support order pursuant to R.C. 3119.60 through R.C. 3119.71.[5] Then, following an administrative hearing, the trial court, through the magistrate, conducted a hearing pursuant to R.C. 3119.66 upon Dawn's request. The court did not conduct a hearing pursuant to R.C. 3119.79
upon a motion filed by Dawn for modification of child support. Accordingly, the court was not required to find a "substantial change of circumstances" under R.C. 3119.79. Rather, as noted above, the court was required to determine the "appropriate" amount under R.C. 3119.66. Thus, we reject Terry's argument that the trial court erred in failing to make a threshold determination that there was a "substantial change in circumstances." And, because Terry does not contest the trial court's determination regarding the "appropriate" amount of child support under R.C. 3119.66, we need not address it. *Page 15 
 {¶ 30} In any event, we conclude that, even if a "substantial change" were required, it would have been met here. "The appropriate method for calculating whether the ten-percent requirement [under R.C. 3119.79] has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." Sapinsley v. Sapinsley,171 Ohio App.3d 74, 2007-Ohio-1320, ¶ 10. "If the amount as recalculated is more than ten percent greater or ten percent less that the amount of support due under the existing order, it constitutes a change of circumstances substantial enough to require a modification of the child-support order." Id. Here, when substituting the parties' new financial information for that contained in the existing worksheet, the recalculated amount of child support ($1,013.29 per month) is more than ten percent greater than the amount of support due under the existing order ($188.40 per week). Thus, a "substantial change" of circumstances existed to modify support and increase Terry's support payments because the ten-percent requirement was met.
 {¶ 31} For all these reasons, we conclude that the trial court did not err by computing child support without determining whether a substantial change in circumstances justified a change under R.C. 3119.79(C). Accordingly, we overrule his second assignment of error.
 {¶ 32} In his third assignment or error, Terry contends that the trial court abused its discretion in failing to consider the cost of health insurance Terry had been ordered to obtain for the children in violation of R.C. 3119.79(B). He argues that, had the court properly notified him of what documentation he was required to bring to the hearing, the *Page 16 
trial court would have had the necessary information at the hearing to make a determination as to the cost of health insurance to Terry.
 {¶ 33} Dawn, on the other hand, argues that Terry specifically waived the issue of health insurance because he did not object to the CSEA hearing officer's recommendation regarding health insurance and did not personally request a court hearing on that issue. She also argues that she objected to the CSEA hearing officer's recommendation solely on the issue of child care. This court rejected a similar argument inKerbyson v. Kerbyson, Washington App. No. 03CA56, 2004-Ohio-3607. InKerbyson, appellee argued that his ex-wife waived an issue concerning severance pay because she did not file her own objection to the CSEA decision to exclude severance pay from his income. In rejecting his argument, we stated:
 When reviewing an administrative adjustment, the provisions of R.C. 3119.66 require a trial court to essentially determine an "appropriate amount" of child support to be paid. In determining what is an "appropriate amount" to be paid, courts should not be limited solely to those issues raised by the parties during the course of the proceedings. We emphasize that child support is for the benefit of the child (not the custodial parent) and that the "polestar" in every support determination case is the child's best interests. Rock v. Cabral (1993), 67 Ohio St.3d 108, 110, 616 N.E.2d 218; Marker v. Grimm (1992), 65 Ohio St.3d 139, 141-142, 601 N.E.2d 496. We further point out that appellant cites to us no authority in which waiver has been found in this context and we have found none in our own research. That said, without some affirmative indication from the Ohio General Assembly or the Ohio Supreme Court, we decline to limit a trial court's authority to consider any and all pertinent issues when determining an appropriate amount of "child support."
Kerbyson, supra, at ¶¶ 18-19.
 {¶ 34} Applying this rationale to the present case, we reject Dawn's arguments that Terry waived this particular issue simply because he failed to personally request a court hearing on that issue and because Dawn only objected to the issue of child care. *Page 17 
Dawn also argues, however, that Terry waived the issue of health care coverage because he failed to raise the issue with the magistrate at the time of the hearing. We agree.
 {¶ 35} As a preliminary matter, we again note that, contrary to Terry's assertions, R.C. 3119.79 does not apply to this case. As such, the trial court was not required to consider the cost of health insurance Terry had been ordered to pay in determining a recalculated child support amount under R.C. 3119.79(B), as Terry argues. However, the trial court was required to determine whether the modification was "appropriate" under R.C. 3119.66, and in so doing, the trial court was required to consider the cost of health insurance Terry had been ordered to obtain. See R.C. 3119.73. Once again, however, we note that Terry does not contest the trial court's determination regarding the "appropriate" amount under R.C. 3119.66.
 {¶ 36} Here, the express terms of the parties' Separation Agreement, which the trial court adopted, required Terry to maintain health insurance for the parties' two minor children. Moreover, at the time of the parties' divorce, the trial court also issued an order pursuant to former R.C. 3113.217 and specifically ordered Terry to provide health insurance coverage for the children. Then, following the administrative review conducted seven years later, the CSEA hearing officer recommended that Terry provide health insurance for the children. Later, at the court hearing, the magistrate specifically noted that neither party had objected to the issue of medical support, and thus made that recommendation. Thereafter, the trial court issued its decision and ordered Terry to maintain health insurance for the children. *Page 18 
 {¶ 37} It is a cardinal rule of appellate procedure that "an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected."Sprouse v. Miller, Lawrence App. No. 07CA32, 2008-Ohio-4384, ¶ 11, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. A party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error. Goldfuss,79 Ohio St.3d at 121-123. As noted above, a failure to object at trial waives all but plain error. Id.
 {¶ 38} Our review of the record shows that at no point did Terry ever object to the issue of health insurance, and specifically, he never raised the issue with the magistrate at the time of the hearing. Thus, Terry's failure to bring the issue to the magistrate's attention at a time when the magistrate could have avoided or corrected any potential error waived any error for purposes of appeal, absent plain error. And because Terry fails to demonstrate any error, plain or otherwise, concerning the trial court's decision regarding health insurance coverage, we overrule his third assignment of error.
 {¶ 39} Having overruled each of the assignments of error, we affirm the trial court's judgment.
[2] In her written request, Dawn only specifically sought review of the hearing officer's decision concerning the issue of child care.
[3] R.C. 3119.68 states:
 A court required to schedule and conduct a hearing pursuant to R.C. 3119.66 shall do both of the following if the obligor or obligee failed to provide any of the items described in divisions (A)(1) to (5) and (B)(1) to (5) of this section:
 (A) Order the obligor to provide the court with all of the following:
 (1) A copy of the obligor's federal income tax return from the previous year;
 (2) A copy of all pay stubs obtained by the obligor within the preceding six months;
 (3) A copy of all other records evidencing the receipt of any other salary, wages, or compensation by the obligor within the preceding six months;
 (4) A list of the group health insurance and health care policies, contracts, and plans available to the obligor and their costs;
 (5) The current health insurance or health care policy, contract, or plan under which the obligor is enrolled and its cost.
 (B) Order the obligee to provide the court with all of the following:
 (1) A copy of the obligee's federal income tax return from the previous year;
 (2) A copy of all pay stubs obtained by the obligee within the preceding six months;
 (3) A copy of all other records evidencing the receipt of any other salary, wages, or compensation by the obligee within the preceding six months;
 (4) A list of the group health insurance and health care policies, contracts, and plans available to the obligee and their costs;
 (5) The current health insurance or health care policy, contract, or plan under which the obligee is enrolled and its cost.
[4] R.C. 3119.79 provides:
 (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.
 (B) In determining the recalculated support amount that would be required to be paid under the child support order for purposes of determining whether that recalculated amount is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the court shall consider, in addition to all other factors required by law to be considered, the cost of health insurance the obligor, the obligee, or both the obligor and the obligee have been ordered to obtain for the children specified in the order. Additionally, if an obligor or obligee under a child support order requests that the court modify the support amount required to be paid pursuant to the child support order and if the court determines that the amount of support does not adequately meet the medical needs of the child, the inadequate coverage shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.
 (C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.
[5] There is nothing in the record to show whether Dawn initially requested the administrative review under R.C. 3119.60.
 JUDGMENT AFFIRMED. *Page 19 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion. *Page 1