[Cite as *LaBrun v. LaBrun*, 2014-Ohio-4877.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MERCER COUNTY

KEVIN LABRUN,

    PLAINTIFF-APPELLEE,               CASE NO. 10-14-04

    v.

NICOLE LABRUN KNA BRUGGEMAN,       **O P I N I O N**

    DEFENDANT-APPELLANT.


Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 08-DIV-007

Judgment Affirmed in Part and Reversed in Part

Date of Decision:   November 3, 2014


APPEARANCES:

    *Peter R. Vanarsdel*  for Appellant

    *Thomas Luth*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Nicole R. LaBrun ("Nicole") brings this appeal from the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, modifying the child support order. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} Nicole and Kevin L. LaBrun ("Kevin") were married on March 26, 2004. R. 1. In May of 2005, Emmit LaBrun ("Emmit") was born to the couple. *Id*. On January 17, 2008, Kevin filed for a divorce. *Id*. The divorce was granted on March 11, 2008. R. 12. As part of the divorce settlement, the parties entered into a shared parenting agreement, which was incorporated into the divorce decree. *Id*. The parties also entered into a child support agreement and the agreement was accepted by the trial court as being in the best interest of the child. *Id*. The agreement required Kevin to pay child support of $325.00 per month to Nicole. *Id*. Additionally, the agreement provided for health insurance as follows.

> **11. Whichever parent has health insurance coverage for the minor child available at the least expensive personal cost shall provide the same. The non-providing parent shall reimburse the providing parent for half the personal cost of such coverage monthly.**

*Id*.

{¶3} On February 6, 2012, the Mercer County Child Support Enforcement Agency ("CSEA") filed for a hearing to review the child support orders. R. 15.

Nicole file a motion for contempt on March 30, 2012, alleging that Kevin was not paying his half of the expenses as set forth in the agreement. R. 31. On June 4, 2012, Kevin filed a motion requesting judgment against Nicole in the amount of $1,172.40 per paragraph 11 and for the elimination of paragraphs 10 and 11 from the shared parenting plan. R. 39. A hearing was held on all outstanding motions on May 14, 2012. R. 49. The magistrate's recommendation was filed on August 22, 2012. *Id.* Nicole filed her objections to the magistrate's recommendations on August 31, 2012. On February 1, 2013, the trial court entered its judgment overruling most of the objections and sustaining the objection regarding cash medical support. R. 57. Nicole filed her notice of appeal on March 26, 2013. R. 62. The appeal was voluntarily dismissed on June 12, 2013. R. 78.

{¶4} On July 15, 2013, CSEA, at the request of Nicole, filed a motion for a hearing to review the then existing support order. R. 69. A hearing was held before the magistrate on October 1, 2013. The magistrate issued her recommendation on October 30, 2013. R. 94. Nicole filed objections to the magistrate's recommendation on November 12, 2013. R. 95. On March 26, 2014, the trial court entered its judgment entry overruling the objections and adopting the magistrate's recommendation. On appeal, Nicole raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in finding that [Kevin] had another of his children in his custody for purposes of calculating child support when no legal proceedings had been initiated or concluded granting [Kevin] custody of the child.**

**Second Assignment of Error**

**The trial court erred in not modifying the designation of the parent obligated to provide health care insurance.**

**Third Assignment of Error**

**The trial court erred in not using the less expensive health insurance available to [Nicole] in the child support guideline calculation.**

**Fourth Assignment of Error**

**The trial court erred in the calculation of child support based upon the testimony and the shared parenting plan of the parties.**

{¶5} In the first assignment of error, Nicole alleges that the trial court erred in finding that Kevin had another child living in his home. The findings of fact regarding child support factors are reviewed under an abuse of discretion standard. *Staugler v. Staugler*, 160 Ohio App.3d 690, 2005-Ohio-1917, 828 N.E.2d 673 (3d Dist.). The judgment of the trial court will not be reversed absent a showing that it is unreasonable, arbitrary, or unconscionable. *Id.* A review of the testimony in this case indicates that it was undisputed that Kevin's daughter from a prior marriage was living with him. Oct. 1, 2013 Tr. 19. Kevin also testified that he paid support of $50 per week for his daughter, even though she was now residing

with him. Tr. 22. Kevin did testify that his daughter living with him was merely an agreement between her mother and himself, but he did not have legal custody of the child. Tr. 25. Kevin also testified that although he had not requested a modification of custody in that case, he intended to do so. Tr. 26. A review of the statutory child support calculation form allows an income adjustment "for minor children born to * * * either parent and another parent who are living with this parent * * *." R.C. 3119.022. The statute does not mandate that the parent have legal custody of the child, only that the child be living with that parent. There was undisputed evidence that Kevin's daughter was then living with him. Thus, the trial court did not abuse its discretion in granting the income adjustment for an additional child living with Kevin. The first assignment of error is overruled.

{¶6} In the second and third assignments of error, Nicole challenges the trial court's determination that Kevin should supply the health insurance. Pursuant to the shared parenting agreement, if both parents have health insurance available, the parent with the less expensive health insurance cost for insuring the child will provide the insurance and the other parent will pay for half. R. 12. This provision has not been modified. Although neither party in this case testified to exact amounts for the cost of health insurance, for Emmit, Defendant's Exhibits C and E provided those numbers which permits the court to compare the costs. Kevin testified that Exhibit C was accurate and Nicole testified to the accuracy of Exhibit

E. Tr. 11 and 21. Yearly cost for health insurance, dental insurance, and vision insurance for Emmit from Kevin was $1,232.40.[1] For Nicole, the yearly cost for health insurance, dental insurance, and vision insurance for Emmit was $397.54 per year.[2] Pursuant to the shared parenting agreement, Nicole should have been the provider of the health insurance as her cost was substantially cheaper. Nicole testified that she was willing to provide the health insurance and argued that hers was cheaper. The trial court's determination that Kevin should provide the health insurance was arbitrary and contrary to the shared parenting agreement. Thus, the trial court abused its discretion in maintaining Kevin as the provider of the health insurance given the evidence before it. The second and third assignments of error are sustained.

{¶7} In the fourth assignment of error, Nicole claims that the trial court erred in its method of calculating the child support since she had custody of Emmit more than half of the time. Having found an error in the calculation, the issue of support must be remanded for recalculation. The trial court's result will be different. Thus, this assignment of error is moot and we need not address it at this time. App.R. 12(C).

---

[1] According to the figures set forth in Exhibit C, Kevin's cost to insure his children was $1,589.12 per year for health insurance and $875.68 per year for dental and vision insurance. This provides a total cost of $2,464.80 to insure both children, which was the number used by the trial court. However, since only one child is covered by this child support order, the amount needs to be divided in half for a total cost for Emmitt of $1,232.40.

[2] Nicole's yearly costs for Emmitt's insurance as set forth in Exhibit E were $150.02 for health insurance, $161.72 for dental insurance, and $85.50 per year for vision insurance. This equals a total health insurance cost for Emmit of $397.54 per year and does not include any other children.

{¶8} Having found no error in the particulars assigned and argued in the first assignment of error, that portion of the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, is affirmed. However, having found error in the particulars assigned and argued in the second and third assignments of error, that portion of the judgment of the Court of Common Pleas of Mercer County, Domestic Relations Division, is reversed.

*Judgment Affirmed in Part*
*And Reversed in Part*

**SHAW, J., concurs.**

**PRESTON, J., dissents.**

**/jlr**