[Cite as *Hannah v. Hannah*, 2016-Ohio-1538.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103012

---

## ALICIA LYNN HANNAH

### PLAINTIFF-APPELLANT

vs.

## GARY ARNOLD HANNAH

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-04-299701

**BEFORE:** Keough, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEY FOR APPELLANT**

Victor A. Mezacapa, III
Licata & Associates Co., L.P.A.
30500 Solon Industrial Parkway
Solon, Ohio 44139


**ATTORNEY FOR APPELLEE**

Annette C. Trivelli
147 Bell Street, Suite 201
Chagrin Falls, Ohio 44022

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, Alicia Lynn Hannah ("Mother"), appeals the decision of the domestic relations court that overruled her objections to a magistrate's decision that modified the child support obligation of defendant-appellee Gary Arnold Hannah ("Father"). We reverse and remand.

## I. Background

{¶2} Mother and Father were married on June 14, 1997, and two children were born during the marriage. Mother subsequently filed for divorce, which was granted on March 17, 2005. Pursuant to a shared parenting agreement approved by the court, Father was to pay $200 per month in child support, a substantial downward deviation from Father's obligation as calculated under the child support computation worksheet.

{¶3} The record reflects that over the years, Mother and Father had several disputes regarding child support that they were able to resolve by mutual agreement. In an agreed judgment entry entered January 31, 2008, Father's child support obligation increased to $500 per month, which was again a substantial downward deviation from Father's obligation as calculated by the worksheet.

{¶4} In October 2008, Father filed a motion to modify child support, asserting that his annual income had decreased. The parties eventually resolved this dispute, and in January 2009, the trial court entered an agreed judgment that neither party would pay child support because "the parties share in the parenting of the children with both having substantial parenting time, the parties share expenses and incomes are almost equal, and

[Father] pays all extracurricular activities for the children." Both parents were designated health insurance obligors, and uncovered health care expenses were to be shared equally.

{¶5} Father's income increased in the next several years, and on February 9, 2011, the court entered another agreed judgment entry ordering Father to pay $500 per month child support, an amount almost half the actual obligation as calculated by the worksheet. Mother was designated as health insurance obligor.

{¶6} On March 1, 2014, Father requested administrative review of the child support order by Cuyahoga Job and Family Services, Office of Child Support Services ("CJFS-OCSS"). After completing the child support computation worksheet using the annual incomes reported by each party, CJFS-OCSS determined that Father's child support obligation was $502.37 per month, effective March 1, 2014.

{¶7} Pursuant to R.C. 3119.63(C), Father requested judicial review of the revised child support amount. After a hearing in February 2015, the domestic relations court magistrate issued a decision designating Mother — not Father — as the obligor and ordering her to pay Father $475 per month in child support if health insurance is provided, or $458 per month child support plus $201.92 per month as cash medical support if health insurance is not provided. Although the decision stated that the worksheet used in computing child support was attached as Exhibit A, no worksheet was attached to the magistrate's decision. The trial court subsequently overruled Mother's objections to the magistrate's decision and affirmed and adopted the decision. As with

the magistrate's decision, although the trial court's judgment entry stated that the worksheet used to compute child support and cash medical support was attached as Exhibit A, no worksheet was attached to the trial court's judgment. This appeal followed.

## II. Analysis

{¶8} An appellate court review child support matters under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶9} In her first assignment of error, Mother contends that the trial court erred in modifying Father's child support obligation as determined by OJFS-OCSS because the court made no finding pursuant to R.C. 3119.79 that there had been a substantial change of circumstances. Father responds that the trial court properly determined that Mother should be the child support obligor because his income is less than Mother's, the parenting schedule is almost 50/50, and he pays some of the children's expenses. Neither party is correct.

{¶10} Father requested administrative review of his child support obligation by OJFS-OCSS pursuant to R.C. 3119.60, which provides that an obligor may request review by a child support enforcement agency of a child support order. As part of the

review, R.C. 3119.63 requires the agency to calculate a revised amount of child support to be paid. CJFS-OCSS determined that Father's obligation should be increased from $500 per month to $502.37. Father then exercised his statutory right under R.C. 3119.63(E) to request a court hearing on the revised amount.

{¶11} Following the receipt of such a request, R.C. 3119.64 requires the court to conduct a hearing in accordance with R.C. 3119.66. R.C. 3119.66, in turn, requires the court to "conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised."

{¶12} Finally, pursuant to R.C. 3119.70, if a court conducts a hearing pursuant to R.C. 3119.66 and determines that the revised child support amount is appropriate, the court must "issue a revised court child support order requiring the obligor to pay the revised amount." But, if the court finds that the revised child support amount calculated by the agency is not appropriate, then the court must "determine the appropriate child support amount and, if necessary, issue a revised court child support order requiring the obligor to pay the child support amount determined by the court." R.C. 3119.70(B); *see also Li v. Yang*, 8th Dist. Cuyahoga No. 96741, 2012-Ohio-2491, ¶ 34, citing *Staugler v. Staugler*, 160 Ohio App.3d 690, 2005-Ohio-1917, 828 N.E.2d 673 (3d Dist.).

{¶13} Thus, as this court has stated:

Under the plain language of both R.C. 3119.66 and 3119.70(B), before revising an obligor's amount of child support pursuant to an administrative recommendation, the trial court must first determine whether the revised amount of child support as recommended is appropriate. Only if the trial

court first finds that the amount of revised child support, as calculated by [OJFS-OCSS] is inappropriate may it then make an independent determination concerning the appropriateness of the amount of child support currently being paid.

*Li* at ¶ 35.

{¶14} In this matter, the magistrate's decision noted only that "[t]he court has reviewed the findings of the CJFS-OCSS." The decision made no finding regarding the appropriateness of the agency's determination, other than to note that by law, the agency cannot grant a deviation from the obligation as calculated by the worksheet. Likewise, the trial court made no determination that the agency's revised child support amount was inappropriate when it adopted the magistrate's decision. R.C. 3119.66 and 3119.70 clearly require a determination by the court regarding the validity of the agency's child support calculation before the court may conduct an independent review and order a revised amount. Therefore, the trial court abused its discretion in adopting the magistrate's decision that revised the agency's child support determination without making such a finding. *See Li, supra* (no error in revising agency support order where trial court first determined that the agency had used an incorrect business income for the father).

{¶15} Moreover, we find no errors in the agency's calculation that would have required redetermination of Father's child support obligation by the court. The agency based its calculation upon annual income figures and financial documents provided by each party. There was no evidence presented to the domestic relations court magistrate demonstrating that these figures were incorrect and, in fact, with the exception of the

amount of child support Father pays for a child from another relationship, Mother and Father stipulated in the trial court that the agency had used correct figures for the parties' annual incomes, adjustments to income, child care expenses, and out-of-pocket costs for providing health care for the children. Although Father's gross annual income was less than Mother's, the agency's worksheet calculation determined that Father's child support obligation was $502.37, an insignificant deviation from the existing order that Father pay $500 per month in child support. Notably, the revised figure was arrived at despite Father's "misstatement" to the agency that he was paying $500 per month in child support for another child, when his actual obligation for this child is only $300 per month.

{¶16} We also find nothing in the statutory framework that would allow the court upon judicial review of the agency's revised child support obligation to reverse the agency's designation of which party is the obligor and which the obligee. R.C. 3119.70 provides that after a hearing, the court may either require "the obligor" to pay the revised amount determined by the agency, or if that amount is not the appropriate amount, it may issue a revised court child support order requiring "the obligor" to pay the child support amount determined by the court. There is no provision in the statute that allows the court upon judicial review of the agency's child support determination to change the obligor designation from one party to another. Accordingly, the trial court erred in adopting the magistrate's decision changing and designating Mother as the support obligor and Father as the support obligee.

**{¶17}** With respect to Mother's argument that the trial court erred in modifying the child support order without first making the requisite finding pursuant to R.C. 3119.79(C) that there was a "substantial change in circumstances," we note that R.C. 3119.79 does not apply to this case. R.C. 3119.79 addresses the court's recalculation of the amount of a child support obligation upon the request of a party to the court. "In other words, it applies to a party's motion to modify child support obligations." *Rockey v. Rockey*, 4th Dist. Highland No. 08CA4, 2008-Ohio-6525, ¶ 28, citing *Butler v. Butler*, 4th Dist. Scioto No. 02CA2833, 2002-Ohio-5877, ¶ 21. Statutory sections R.C. 3119.60 through 3119.65, on the other hand, relate to an administrative review of the child support obligation. *Id.*

**{¶18}** Here, upon Father's request, OJFS-OCSS conducted an administrative review of the child support order pursuant to R.C. 3119.60 through R.C. 3119.65. Then the trial court, through the magistrate, conducted a hearing pursuant to R.C. 3119.66 upon Father's request for judicial review. The court did not conduct a hearing pursuant to R.C. 3119.79 upon a motion for modification of child support.[1] Accordingly, the court was not required to find a "substantial change of circumstances" under R.C. 3119.79. Rather, the court was required to determine the "appropriate amount" under R.C. 3119.66. *Rockey* at ¶ 29.

---

[1] Indeed, the magistrate's decision states "[t]his matter is before the court upon defendant's request for review of administrative adjustment recommendations."

{¶19} Because the magistrate erred in revising the agency's decision regarding Father's child support obligation, the trial court abused its discretion in adopting the magistrate's decision. The first assignment of error is sustained, albeit on grounds other than those argued by Mother.

{¶20} In her second assignment of error, Mother contends that the trial court erred in adopting the magistrate's decision because the court made no determination pursuant to R.C. 3119.22 that deviating from the agency's designation of Father as the support obligor was in the best interest of the minor children. Because this matter arose from Father's request for judicial review pursuant to R.C. 3119.63, the trial court was not required to find that deviation was in the best interest of the children. Rather, as stated above, it was required to determine the "appropriate amount" of child support that the obligor, in this case Father, should pay. R.C. 3119.66. The second assignment of error is therefore overruled.

{¶21} In her third assignment of error, Mother contends that the trial court erred in adopting the magistrate's decision because no child support computation worksheet was attached to either the magistrate's or the trial court's decision. In *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), the Ohio Supreme Court interpreted former R.C. 3113.215 and held that in any action in which a court or agency is determining child support, a child support computation worksheet must actually be completed and made a part of the trial court's record. Recently, in *In re J-L.H.*, 8th Dist. Cuyahoga No. 100469, 2014-Ohio-1245, this court noted that R.C. Chapter 3119 is for

the most part a re-enactment of former R.C. 3113.215, and held that the *Marker* rule is applicable to R.C. Chapter 3119.

**{¶22}** Although a child support computation worksheet was apparently completed by the domestic relations court magistrate in this case, the worksheet is not part of the trial court record. Nevertheless, in light of our resolution of Mother's first assignment of error, we find this assignment of error to be moot.

**{¶23}** In sum, we find that the magistrate erred by modifying Father's child support obligation at a hearing on an administrative adjustment decision without first determining the validity of the underlying agency decision. The magistrate also erred in changing Father's status as obligor to obligee. Therefore, the trial court abused its discretion in adopting the magistrate's decision. Accordingly, the trial court's judgment is reversed. The matter is remanded with instructions that the trial court enter judgment ordering Father to pay $502.37 per month in child support, effective March 1, 2014, as ordered by OJFS-OCSS.

**{¶24}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR