JOURNAL ENTRY AND OPINION
{¶ 1} The state appeals the trial court's grant of judicial release to defendant-appellee, Thomas Ross. Ross had stolen a check from his employer. He pleaded guilty to theft in violation of R.C. 2913.02. On February 19, 2003 the trial court sentenced him to six months at Lorain Correctional Institute. On March 27th, Ross filed a motion for judicial release. The court held a hearing on this motion on March 31st, four days later. The state objected to the timing of the hearing because it did not receive notice of it seven days before as required by Crim.R. 45(D). The court granted Ross judicial release, and the state appealed. Its only assignment of error states:
 {¶ 2} The court has no jurisdiction to Grant Judicial Release without the state being properly notified.
 {¶ 3} The state argues that because it did not receive timely notice of the hearing, it did not have adequate time to prepare for it. The judicial release, therefore, should be reversed, according to the state, so it can properly prepare for the hearing.
 {¶ 4} The state clearly protested at the hearing that it did not receive the motion in a timely fashion. When the court offered to allow the state to see the presentence investigation, the state replied that it was familiar with the report. The court then addressed some of the contents of the report, including Ross's lack of truthfulness concerning his drug use and, initially, the theft of the check. Ross had lied to the probation department concerning his cocaine use, the state pointed out at the hearing, and he also tried to mask a positive urine test with another substance. The state also noted Ross's delinquency in child support and requested that, if he were released, becoming current in child support be part of the order.
 {¶ 5} Judicial release is addressed in R.C. 2929.20, which states in pertinent part:
(B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
(1)(a) Except as otherwise provided in division (B)(1)(b) or (c) of this section, if the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution.
* * *
(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. * * *
(D) If a court schedules a hearing under division (C) of this section, the court shall notify the eligible offender of the hearing. The eligible offender promptly shall give a copy of the notice of the hearing to the head of the state correctional institution in which the eligible offender is confined. If thecourt schedules a hearing for judicial release, the courtpromptly shall give notice of the hearing to the prosecutingattorney of the county in which the eligible offender wasindicted. Upon receipt of the notice from the court, theprosecuting attorney shall notify the victim of the offense for which the stated prison term was imposed or the victim's representative, pursuant to section 2930.16 of the Revised Code, of the hearing. (Emphasis added.)
 {¶ 6} The state argues that the notice the court gave it did not comply with the time requirements in Crim.R. 45(D), which states in pertinent part:
 {¶ 7} (D) Time: for motions; affidavits. A written motion,
other than one which may be heard ex parte, and notice of thehearing thereof, shall be served not later than seven days beforethe time specified for the hearing unless a different period isfixed by rule or order of the court. For cause shown such an order may be made on ex parte application. (Emphasis added.)
 {¶ 8} Neither party cited, nor did this court find, any case law on this issue. This is, therefore, a case of first impression. Crim.R. 45(D) is similar in wording, however, to Civ.R. 6(D), which states in pertinent part:
(D) Time: motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or byorder of the court. Such an order may for cause shown be made on ex parte application. (Emphasis added.)
 {¶ 9} In applying this statement of Civ.R. 6, the courts have held that if a party's due process rights are violated, then the court may not shorten the time for the hearing. See In reForeclosure of Liens for Delinquent Taxes (1992),79 Ohio App.3d 766, 770; Columbus v. Bates (May 17, 1990), Franklin App. No. 89AP-584.
 {¶ 10} If due process rights are not compromised, on the other hand, a court is permitted to shorten the time between the filing of a motion and the hearing on that motion. "Pursuant to [Civ.R. 6(D)] the court, by court order, may set a time period of less than seven days for the hearing." Armco v. USWA (Dec. 22, 2000), Richland App. No. 00-CA-39, 2000 Ohio App. LEXIS 6136, *6. A shortened time period is not per se reversible error if the complaining party is not "prejudiced by the trial court's failure to comply with the notice requirements." Id. at *7.
 {¶ 11} The purpose of notice requirements is to ensure that the opposing party is apprised of the motion and has the opportunity to present its case. Case law regarding the same language in another rule demonstrates that unless the party who was not properly notified was prejudiced, the courts consider a violation of a rule of court to be harmless error. See State v.Miller (March 28, 1997), Portage App. Nos. 95-P-0029, 95-P-0030 and 95-P-0031 (holding that lack of written notice of a probation violation was harmless error when defendant had notice of preliminary and final hearing and thereby had sufficient notice to prevent prejudice); Belcher v. Lesley (Dec. 12, 1995), Franklin App. Nos. 95APE05-662 and 95APE05-663 ("Where a notice of appeal is challenged for failure to comply with the technical requirements of App.R.3(D), it must be determined whether the purpose of the rule has been served. * * * If the purpose of the rule has been served, the failure to strictly comply with the rule's technical requirements will constitute harmless error.");Maritime Manufacturers v. Hi-Skipper Marina (1982),70 Ohio St.2d 257 (if party opposing appeal is apprised of appeal, purpose of the notice is accomplished).
 {¶ 12} Further, as Ross points out in his appellate brief, Crim.R. 45 specifically permits the court to order a hearing within a different time than that ordered by the rule. Additionally, the state failed to show any prejudice resulting from the short notice. The state's remarks at the hearing demonstrated that it was familiar with the presentence investigation report, and it did not claim to be hampered in its attempts to notify the victim. On the contrary, the victim, Ross's employer, was also his uncle, and had written a letter assuring the court that it would rehire Ross and perform random drug tests on him.
 {¶ 13} Crim.R. 52(A), which defines harmless error, states that "any error, defect, irregulularity, or variance which does not affect substantial rights shall be disregarded." The state has not shown any prejudice resulting from its lack of notice of the hearing. The trial judge did not specifically delineate his reasons for granting Ross judicial release, but, while he was lecturing defendant on the opportunities he had wasted, the trial judge pointed out that he came from a good family and had a good job. The judge also noted that defendant was $8,000 behind in his child support and hoped defendant had finally hit bottom and would not repeat his mistakes. None of the court's observations at the hearing was a surprise to the state.
 {¶ 14} Although it is preferable for all parties to have the convenience of a week's notice of a hearing, in the case at bar, the state has not shown that shortening the time prejudiced it in any way.
 {¶ 15} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., Concurs in judgment only.
Sean C. Gallagher, J., concurs and dissents with separate concurring and dissenting opinion.