DECISION AND JUDGMENT ENTRY
{¶ 1} Philip G. Kline appeals the trial court's judgment overruling his motion to intervene and contends that the trial court failed to provide him with proper notice of the hearing on his motion in violation of his procedural due process rights. Our review of the record shows that Kline failed to bring to the trial court's attention any of the issues he now raises on appeal, and thus forfeited all but plain error. Nonetheless, because Kline received adequate notice of the hearing and a reasonable opportunity to be heard and because he fails to demonstrate any prejudice, we reject his procedural due process claims. *Page 2 
 {¶ 2} Kline contends that he was unprepared for the hearing because the court failed to comply with Civ. R. 6(D). However, we believe Kline waived the seven-day notice requirement because he specifically requested an "expedited" timeline and then participated in the hearing with no objection to the shortened time frame or the particular matters addressed during the hearing, i.e., the merits of his motion to intervene. Regardless, Kline cannot demonstrate any prejudice because the notice scheduling the "motions hearing" sufficiently advised him of the nature of the proceedings; and given that we had recently remand the case for the court to decide the merits of Kline's motion, Kline fails to demonstrate why he was unprepared to address his own motion.
 {¶ 3} Next, he contends that the attorneys involved in this case should have known the notice failed to comply with Civ. R. 6(D) and "as officers of the court" were required to raise the issue with the court. Because we conclude that Kline received adequate notice of the hearing and was not prejudiced by the notice, the attorneys' subjective beliefs at the time of the hearing concerning whether the court sufficiently complied with Civ. R. 6(D) are immaterial. Also, we summarily reject Kline's unsupported contention that the attorneys representing the other parties in this action were obligated to raise the issue on his behalf.
 {¶ 4} Kline also contends that the notice was defective because Jennifer L. Miller's name did not appear in the case caption. However, he fails to demonstrate how this omission rises to the level of a violation of his due process rights because he obviously appeared at the hearing despite the omission, and he makes no attempt to show how the lack of Miller's name otherwise prejudiced him. *Page 3 
 {¶ 5} Finally, Kline contends that the notice was insufficient because it failed to specify the particular "rule" a party must follow to seek a continuance. Because Kline made no attempt to obtain a continuance of the hearing, pursuant to rule or otherwise, we reject his contention that his lack of knowledge concerning the particular procedure to follow had any prejudicial effect.
 I. The Procedural History and the Facts {¶ 6} Because this is Kline's second appeal to this Court in this case, see Sprouse v. Miller, Lawrence App. No. 06CA37, 2007-Ohio-4397, we limit our discussion of the facts to those that are relevant to the issues here. Ruben T. Sprouse filed a mechanic's lien complaint, asserting that he performed work on property that Jennifer L. Miller fka Sprouse and Cary Miller owned and that they failed to pay. Kline and Debbie L. Perry, acting pro se, subsequently filed a document entitled "Interpleader," in which they also asserted liens against the property. Shortly thereafter, they filed a document entitled "Amended Interpleader," which set forth their claims more specifically. The Millers then filed a motion to dismiss Kline and Perry's "interpleader" action, arguing that their interpleader complaint failed to state a claim upon which relief could be granted and also failed to comply with the Ohio Civil Rules. After the trial court granted the Millers' motion, Kline filed a pro se notice of appeal and argued that the trial court should have examined the body of his complaint and construed it as a motion to intervene. In a decision and entry dated August 22, 2007, we affirmed in part and reversed in part the trial court's judgment and remanded the case. We found that the trial court properly dismissed the pleadings insofar as Kline sought to interplead; but because the substance of his pleading showed that he actually sought to intervene, the *Page 4 
trial court should have considered the merits of allowing him to intervene and determined whether his pleading satisfied the requirements of Civ. R. 24.
 {¶ 7} On August 29, 2007, Kline filed two pro se motions with the trial court, one styled "motion for assistance for hearing impaired and vision impaired" and another styled "motion for instructions." In his motion for instructions, he sought guidance from the court concerning how to proceed in light of the jury trial scheduled for the following month, and he requested the court to "expedite response due to short amount of time left. As justice so requires." The next day, Meigs County Common Pleas Judge Crow, who presided over the case by assignment, faxed an entry to the Lawrence County Court of Common Pleas scheduling a "motions hearing" for September 4, 2007. The entry was then time-stamped and issued on August 31, 2007. The entry, which set forth the case caption as "Ruben T. Sprouse vs. Philip G. Kline," included the following language: "Should circumstances arise which necessitate any change in the above, please promptly notify the Court pursuant to rule."
 {¶ 8} Kline did not request a continuance of the hearing and appeared at the hearing pro se. A review of the hearing transcript shows that there was some initial confusion concerning the purpose of the hearing. Apparently neither the court nor the attorneys representing Sprouse and the Millers had received a copy of our decision remanding the case, and there may have been some confusion concerning service of Kline's pro se motions as well. However, Kline, who had in fact received a copy of our decision, advised them of it. The court made copies of the decision Kline had brought with him and distributed them to the parties. Then, after reviewing the decision, the court gave Kline an opportunity to present his arguments concerning his motion to *Page 5 
intervene. At no time did Kline raise any objection to the hearing, the notice, or the issues raised during the hearing. Nor did he seek a continuance for additional time to prepare to address the merits of his motions. The court later issued a judgment entry overruling Kline's motion to intervene. Kline commenced this second appeal, raising five assignments of error.
 II. Assignments of Error {¶ 9} Kline presents the following assignments of error:
1. Appellant assigns as error, the Hearing Notice, filed with the Court, August 31, 2007, 8:56 A.M.
2. Appellant assigns as error the Hearing Notice for a hearing on September 4, 2007, 9:45 A.M.
3. Appellant assigns as error that Kevin Waldo and Ernest Pitt, Jr., officers of the court, should have known that this Hearing Notice, was not in harmony with O Civ. R. 6.
4. Appellant assigns as error the style/caption, the name of Jennifer L. Miller omitted on the Notice of Hearing. See Attachment "D".
5. Appellant assigns as error the "rule" for any changes on the hearing date. This could be helpful to this pro se litigant. SeeAttachment "D".
 III. Failure to Object/Plain Error {¶ 10} Taken together, Kline's assigned errors essentially contend that he was denied procedural due process because he did not receive proper notice of the hearing on his motion to intervene. However, our review of the record shows that Kline failed to raise these issues with the trial court.
 {¶ 11} It is a cardinal rule of appellate procedure that "an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected."Schade v. Carnegie Body Co. (1982), *Page 6 70 Ohio St.2d 207, 210, 436 N.E.2d 1001. A party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121-123,1997-Ohio-401, 679 N.E.2d 1099. A failure to object at trial waives all but plain error. Id. The plain error doctrine is applicable in civil cases only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Id. at syllabus.
 {¶ 12} Kline attended the hearing, participated in it, and made no objection to the hearing, the notice, or the issues raised at the hearing at any time. Nor did he seek a continuance of the hearing for additional time to prepare or otherwise bring these matters to the court's attention. Thus, Kline's failure to raise these arguments during the trial court proceedings forfeited those arguments for purposes of appeal, absent plain error.
 IV. Procedural Due Process {¶ 13} Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law. The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard. Whitaker v.Estate of Whitaker (1995), 105 Ohio App.3d 46, 51-52, 663 N.E.2d 681, citing Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306,314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873, and State ex rel. AllstateIns. Co. v. Bowen (1936), 130 Ohio St. 347, 4 O.O. 427, 199 N.E. 355. We independently review the record to determine whether, as a matter of law, Kline received reasonable notice and a reasonable opportunity to be heard. See Whitaker v. *Page 7 Estate of Whitaker, 105 Ohio App.3d at 52, citing Ohio Valley RadiologyAssoc, Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 123,28 OBR 216, 220-221, 502 N.E.2d 599.
 A. Seven Day Notice Requirement {¶ 14} In his first and second assignments of error, Kline argues that he did not have an adequate opportunity to prepare for the hearing because the trial court set the hearing within seven days of issuing its notice. He notes that the court issued the notice on Friday, August 31, 2007 and scheduled the hearing for Tuesday, September 4, 2007, which followed a three-day holiday weekend. He also notes that due to the insufficient notice and the intervening holiday, he was not able to advise the court of a friend's funeral held on Tuesday morning, and thus was unable to attend the funeral.
 {¶ 15} Civ. R. 6(D) states:
 A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. [Emphasis added].
 {¶ 16} Under Civ. R.(D), the court, by court order, may set a time period of less than seven days for the hearing. See In Re Foreclosure ofLiens for Delinquent Taxes (1992), 79 Ohio App.3d 766, 771,607 N.E. 2d 1160; see, also, State v. Ross, Cuyahoga App. No. 82785, 2004-Ohio-856, at ¶ 10, citing Armco v. USWA (Dec. 22, 2000), Richland App. No. 00-CA-39, at *6. "However, a party is entitled to sufficient notice and time to prepare for the hearing in order to avoid undue prejudice."In Re Foreclosure of Liens for Delinquent Taxes, supra. Thus, if a party's due process rights are violated, then the court may not shorten the time for the hearing. Id. A shortened *Page 8 
time period is not per se reversible error if the complaining party is not "prejudiced by the trial court's failure to comply with the notice requirements." Armco v. USWA, supra, at *7. The purpose of notice requirements is to ensure that the opposing party is apprised of the motion and has the opportunity to present its case. See State v.Ross, supra, at ¶ 11. Furthermore, "[w]hile due process rights are afforded to all litigants, those rights may be waived." Butler v.Butler, Scioto App. No. 02CA2833, 2002-Ohio-5877, at ¶ 10, citingD.H. Overmyer Co., Inc., of Ohio v. Frick Co. (1972), 405 U.S. 174, 185,92 S. Ct. 775, 31 L.Ed.2d 124. Specifically, Civ. R. 6(D) notice requirements pertaining to notice of hearing may be waived. SeeButler, supra, at ¶ 10; see, also, Yun v. Yun, Stark App. 2002CA00353, 2003-Ohio-2644, at ¶ 22, citing Lincoln v. Lincoln (July 1, 1999), Cuyahoga App. No. 74265.
 {¶ 17} We believe the circumstances show that Kline waived the seven-day notice requirement of Civ. R. 6(D). After we remanded the case for the trial court to consider the merits of Kline's motion to intervene, Kline filed additional motions with the court, including a motion which sought guidance concerning how to proceed in light of the upcoming jury trial and which specifically requested an "expedited response" from the court. Two days later, the court issued an entry scheduling a motions hearing for the following week. While Kline disputes this, apparently the court first learned of our decision remanding the case at the hearing. Regardless, the court gave Kline an opportunity to present his arguments at the hearing. Because Kline requested an "expedited" timeline and then participated in the scheduled "motions hearing" with no objection to the shortened time frame or to the trial court addressing the merits of his motion to intervene and because he never requested a continuance of the hearing for *Page 9 
additional time to prepare, we believe the circumstances show that Kline waived the seven-day notice requirement.
 {¶ 18} Nonetheless, even if Kline did not specifically waive the notice requirement for purposes of his motion to intervene, Kline fails to show how the trial court denied him due process by addressing his motion at the hearing. As we previously noted, the purpose of notice requirements is to ensure that the opposing party is apprised of the motion and has the opportunity to present its case. See State v.Ross, supra, at ¶ 11. While Kline now contends that he was "surprised" by and "totally unprepared" for the issues raised at the hearing, it appears that when the court scheduled the "motions hearing" the only pending motions were Kline's motions, including his motion to intervene. We believe that the notice scheduling the "motions hearing" sufficiently apprised Kline of the nature of the proceeding, i.e., that the purpose of the hearing was to address pending motions. Also, we had just recently remanded the case prior to Kline filing his "motion for instructions" seeking guidance from the court on how to proceed. The court gave Kline the opportunity at the hearing to present his arguments on his motion, and Kline fails to explain why he needed additional time to prepare to address his own motions. Furthermore, Kline fails to demonstrate that his lack of preparedness was actually a result of the trial court setting the hearing within seven days. Rather, it appears that Kline may have erroneously believed that after we remanded the case, he was entitled to a jury trial on the merits of the case. Thus, Kline's apparent confusion was not caused by the expedited hearing, but rather his own misunderstanding of our decision. Given these circumstances, we believe the trial court's expedited hearing did not deny Kline his procedural due process rights. *Page 10 
 {¶ 19} In his third assignment of error, Kline contends that the other attorneys involved with this case should have known that the notice failed to comply with Civ. R. 6(D) and argues "as officers of the court" they should have raised the issue with the court. He also argues that the attorneys and the trial court were also unprepared; yet, he questions their assertions at the hearing that they had not in fact received a copy our decision remanding the case.
 {¶ 20} Based on our review of the record, it appears that there was some initial confusion on the part of the attorneys and the court concerning the purpose of the scheduled hearings. However, because we have already concluded that Kline received sufficient notice of the hearing and was not denied due process by the expedited hearing schedule, it is immaterial whether the attorneys subjectively believed that the notice was insufficient. Moreover, Kline offers no authority for his contention that the attorneys representing other parties were obligated to raise the sufficiency of the notice on Kline's behalf. Therefore, we summarily reject Kline's third assignment of error.
 B. Omissions in the Notice {¶ 21} In his fourth assignment of error, Kline contends that the notice was defective because the entry set forth the case caption as "Ruben T. Sprouse vs. Philip G. Kline" and did not include Jennifer L. Miller's name. As we previously stated, the essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard. See Whitaker v. Estate of Whitaker,105 Ohio App.3d at 51-52. Thus, any technical error in the notice would not constitute a per se violation of Kline's due process rights. Kline appeared at the hearing based upon his receipt of the notice, despite the clerical omission in the caption, and he makes no *Page 11 
attempt to show that he was in anyway prejudiced by the omission. Because the notice provided Kline with reasonable notice of the case to which it referred and he suffered no prejudice, Kline cannot demonstrate that the omission in the case caption rises to the level of a violation of his due process rights.
 {¶ 22} In his fifth assignment of error, Kline contends that the notice was insufficient because it did not specify the particular rule that a party must follow in order to request a continuance of the hearing. He contends that it would have been helpful to him as a pro se litigant for the notice to cite the relevant rule and argues that he was not able to advise the court of his friend's funeral because he did not know what "rule" to follow.
 {¶ 23} The court's notice contained the following language: "Should circumstances arise which necessitate any change in the above, please promptly notify the Court pursuant to rule." Neither the Ohio Rules of Civil Procedure nor the Local Rules for the Lawrence County Court of Common Pleas have a specific rule concerning the proper procedure a party must follow to request a continuance. However, Civ. R. 7(B)(1) provides:
 An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
 {¶ 24} Thus, a party requesting a continuance must follow the general rule concerning an application to the court for an order, i.e., the party must do so either in writing or orally on the record. Here, Kline made no attempt to obtain a continuance of *Page 12 
the hearing. While courts afford some leeway to pro se litigants, the ultimate obligation to follow the proper procedure lies with the litigant.
 {¶ 25} Having overruled each of the assignments of error, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
 *Page 1