[Cite as *Capital One Bank v. Jarvis*, 2012-Ohio-2606.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CAPITAL ONE BANK (USA) N.A.

    Appellee

    v.

REBECCA JARVIS

    Appellant

C.A. No.     26302

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2011 CVF 3342

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Rebecca Jarvis, appeals from the judgment of the Stow Municipal Court. This Court reverses.

I

{¶2} Plaintiff-Appellee, Capital One Bank (USA), N.A. ("Capital One"), filed suit against Jarvis, alleging that she defaulted on her MasterCard Charge account. In response to the complaint, Jarvis filed a generic notice to cease communications under the Fair Debt Collection Practices Act due to the fact that she was unemployed and currently unable to repay the debt. The trial court treated Jarvis' response as an answer to the complaint and issued a pretrial order. The court set a discovery deadline of January 16, 2012, and a dispositive motion deadline two weeks later.

{¶3} On January 12, 2012, Capital One filed a motion for judgment on the pleadings. The only item Capital One attached to its motion was Jarvis' generic notice/answer in which she

indicated that she was unable to pay the debt. On January 17, 2012, the court granted Capital One's motion without a hearing and entered judgment in favor of Capital One in the amount of $1,279.63.

{¶4} Jarvis now appeals from the trial court's judgment and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED BY VIOLATING CIVIL RULE 6(D) AND APPELLANT'S DUE PROCESS BY GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS 5 DAYS AFTER IT WAS FILED WITH THE COURT.

{¶5} In her sole assignment of error, Jarvis argues that the trial court erred by granting Capital One's motion for judgment on the pleadings without setting the matter for a hearing or affording her an opportunity to respond to the motion in accordance with Civ.R. 6. We agree.

{¶6} A party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed." Civ.R. 12(C). Civ.R. 6 sets forth the general notice provision that applies to written motions. That rule provides that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Civ.R. 6(D). "Underlying this rule is the premise that the party opposing the motion must have sufficient notice and opportunity to respond to avoid undue prejudice." *Portage Broom & Brush Co. v. Zipper*, 9th Dist. No. 16409, 1994 WL 440441, *1 (Aug. 17, 1994). "[I]f a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error." *Gibson-Myers & Assoc., Inc. v. Pearce*, 9th Dist. No. 19358,

1999 WL 980562, *4 (Oct. 27, 1999). *Accord White v. Aztec Catalyst Co.*, 9th Dist. No. 00CA007589, 2000 WL 1636023, *2-3 (Nov. 1, 2000).

{¶7} The trial court granted Capital One's motion for judgment on the pleadings five days after it was filed. The court did not set the matter for a hearing, notify Jarvis that it would decide the motion without a hearing, or afford Jarvis at least seven days to respond to the motion. *See* Civ.R. 6(D). Although the court may not have run afoul of Civ.R. 6(D) if it had first notified the parties by order of its intention to set a shorter response period, the court did not do so. *Compare Northern Oil and Gas Co. v. Ohio Oil and Gas Co.*, 9th Dist. No. 12343, 1986 WL 6673, *2 (June 11, 1986) (court did not violate Civ.R. 6(D) where it notified the parties a motion would be heard the day after its filing). Instead, it granted Capital One's motion without any notice to Jarvis and well before the pretrial deadline previously set for the filing of dispositive motions. The record reflects that Jarvis did not have a meaningful opportunity to respond to Capital One's motion, and the court disregarded the response period set forth in Civ.R. 6(D) when it granted the motion. Therefore, the trial court committed reversible error. *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. No. 23792, 2010-Ohio-4762, ¶ 24-25; *Gibson-Myers & Assoc., Inc.* at *4. Jarvis' sole assignment of error is sustained.

## III

{¶8} Jarvis' sole assignment of error is sustained. The judgment of the Stow Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

WILLIAM E. LOVE, II, Attorney at Law, for Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.