[Cite as *Equable Ascent Fin. v. Ybarra*, 2013-Ohio-4282.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

EQUABLE ASCENT FINANCIAL

    Appellee

    v.

PHILLIP YBARRA

    Appellant

C.A. No.      12CA010190

APPEAL FROM JUDGMENT
ENTERED IN THE
AVON LAKE MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    CVF 1100252

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

BELFANCE, Judge.

{¶1} Philip Ybarra appeals the trial court's decision granting Equable Ascent Financial's motion for relief from judgment. For the reasons set forth below, we reverse.

I.

{¶2} Equable Ascent filed a complaint against Mr. Ybarra alleging that he owed $3086.85 on a credit card account owned by Equable Ascent. Mr. Ybarra moved to dismiss the complaint, arguing that, because Equable Ascent was a collection agency, it could not bring the suit because it did not have a business location in Ohio as required by R.C. 1319.12(B). Equable Ascent never responded to Mr. Ybarra's motion to dismiss, and the trial court dismissed Equable Ascent's complaint on June 27, 2011.

{¶3} On January 3, 2012, Equable Ascent filed a motion for relief from judgment, arguing that it was not a collection agency and, therefore, not required to comply with R.C. 1319.12(B). It further argued that the motion was timely because it was made within seven

months of the judgment being entered. The same day Equable Ascent filed its motion for relief from judgment, the trial court granted the motion.

{¶4} Mr. Ybarra has appealed, raising three assignments of error. Because Mr. Ybarra's third assignment of error is dispositive, we address it first.

## II.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR IN ERROR ISSUED A [CIV.R.] 60(B) ORDER WHERE APPELLANT FAILED TO PROPER[L]Y RECEIVE TIMELY NOTICE OF SAME AND/OR WITHOUT GIVING APPELLANT OPPORTUNITY TO REVIEW AND/OR RESPOND TO SAID POSITION.

{¶5} Mr. Ybarra argues in his third assignment of error that the trial court erred in granting Equable Ascent's Civ.R. 60(B) motion the same day it was filed. We agree.

{¶6} Equable Ascent filed a motion for relief from judgment more than six months after judgment had been entered against it. The trial court ruled on the motion that same day, giving Mr. Ybarra no opportunity to respond. Fundamental due process principles require that each party have the opportunity to be heard prior to a trial court rendering a decision. *See, e.g., Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.") (Internal quotations and citations omitted.). Thus, we have previously concluded that, "[u]ntil the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved." (Internal quotations and citation omitted.) *State v. Dalchuk*, 9th Dist. Summit No. 21422, 2003-Ohio-4268, ¶ 5. *See also Haley v. Nomad Preservation*, 9th Dist. Summit No. 26492, 2013-Ohio-159, ¶ 17; Civ.R. 6(C) (generally requiring service of "[a] written motion, other than one

which may be heard ex parte," not later than seven days before the time fixed for the hearing). This is particularly so in the context of decisions such as Civ.R. 60(B) where "[t]he question of whether relief should be granted is addressed to the sound discretion of the trial court." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). In such cases, appellate review of a trial court's exercise of discretion is problematic when the trial court has not fully considered the arguments of all parties. Thus, this Court has concluded that granting a motion before the other party has an opportunity to respond typically constitutes an abuse of discretion. *See Dalchuk* at ¶ 5.

{¶7} Equable Ascent argues that, to the extent an error occurred, such error was harmless because "even had [Mr.] Ybarra responded, the court already was armed with the applicable law and to construe it to the pleadings in a light most favorable to Equable [Ascent]." However, in order to be entitled to relief from judgment, the moving party must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at paragraph two of the syllabus. Mr. Ybarra was entitled to have an opportunity to respond to Equable Ascent's motion to present his arguments that Equable Ascent could not meet one or more of those three prongs, and it was inappropriate to grant the motion without giving him that opportunity.

{¶8} Equable Ascent also argues that, to the extent the trial court erred, any such error is harmless because Mr. Ybarra has not demonstrated prejudice. However, the cases Equable Ascent cites in support were situations in which the party complaining about a lack of notice had an opportunity to respond to the motion. For example, in *State v. Ross*, 8th Dist. Cuyahoga No.

82785, 2004-Ohio-856, although the State complained that it had not received timely notice of the offender's motion for judicial release, it (1) had the opportunity to voice those concerns at a hearing, (2) was given a chance by the trial court to review the presentence investigation report but declined because it was familiar with the report, and (3) was given an opportunity to respond to the motion. *Id.* at ¶ 4. In other words, in contrast to this case, the State had an opportunity to respond to the defendant's motion before the trial court entered judgment. Thus, *Ross* is not comparable to the case at hand.

{¶9} Under the circumstances presented in this case, the trial court erred when it entered judgment without giving Mr. Ybarra any opportunity to respond to Equable Ascent's motion for relief from judgment. *See Haley*, 2013-Ohio-159, at ¶ 17, citing *Dalchuk*, 2003-Ohio-4268, at ¶ 5. Mr. Ybarra's third assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE [CIV.R] 60(B) MOTION IN FAVOR [OF] APPELLEE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT IN ERROR GRANTED THE [CIV.R.] 60(B) MOTION IN FAVOR O[F] APPELLEE, IN THAT [CIV.R.] 60(B) SHALL NOT BE USED AS A SUBSTITUTE FOR APPEAL.

{¶10} In Mr. Ybarra's first and second assignments of error, he argues that the trial court should not have granted Equable Ascent's Civ.R. 60(B) motion. Because the trial court should decide whether to grant or deny Equable Ascent's motion in the first instance after giving Mr. Ybarra an opportunity to respond, these assignments of error are not ripe for review. *See Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20 ("The question of whether relief [under Civ.R. 60(B)] should be granted is addressed to the sound discretion of the trial court."). Thus, we will not address them at this time.

5

## III.

**{¶11}** In light of the foregoing, the judgment of the Avon Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.