[Cite as *Akron v. Heller*, 2013-Ohio-5228.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF AKRON

    Appellant

    v.

TERRY HELLER

    Appellee

C.A. No.     26969

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    12 CV 04211

DECISION AND JOURNAL ENTRY

Dated: November 27, 2013

WHITMORE, Judge.

{¶1} Appellant, the City of Akron ("the City"), appeals the judgment of the Akron Municipal Court, granting Appellee, Terry Heller's, motion for relief from judgment. This Court reverses.

I

{¶2} On May 8, 2012, the City filed a complaint against Heller for $11,877.29. The complaint alleged that Heller had damaged one of the City's utility poles by striking it while operating a car. After service by certified mail failed, the City filed a praecipe requesting service by a bailiff at Heller's residence. The bailiff filed a receipt, indicating that service occurred at Heller's residence on August 21, 2012. Heller never filed an answer to the complaint and, on October 16, 2012, the City filed a motion for default judgment. The court granted the motion the following day.

{¶3}  On March 22, 2013, the City filed a notice to the clerk of courts to issue a financial responsibility report to the registrar of motor vehicles, so as to suspend Heller's license for non-payment of the judgment against him.  On May 20, 2013, Heller filed a "motion for removal of judgment [and] release of suspension on [driver's license]."  In his motion, Heller wrote:

> The driver of vehicle wasn't the owner (self).  The vehicle was taken w/out my permission.  Please see case #11TRD06647 for dismissal of this case due to mistaken identity.

Heller attached to his motion a copy of the docket from Traffic Case No. 11TRD06647, indicating a dismissal of the charges of failure to control and driving with an expired driver's license.  The trial court construed Heller's motion as a motion for relief from judgment and granted it on May 23, 2013, three days after Heller filed his motion.

{¶4}  The City now appeals from the trial court's judgment and raises three assignments of error for our review.  For ease of analysis, we rearrange and consolidate several of the assignments of error.

II

Assignment of Error Number Three

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION WITHOUT GIVING APPELLANT AN OPPORTUNITY TO RESPOND TO APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT.

{¶5}  In its third assignment of error, the City argues that the trial court abused its discretion by granting Heller's motion for relief from judgment before the City had an opportunity to respond to the motion.  We agree.

{¶6}  Civ.R. 6 sets forth the general notice provision that applies to written motions.  That rule provides that "[a] written motion, other than one which may be heard ex parte, and

notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court." Civ.R. 6(C).[1] Civ.R. 6(D) gives a party three additional days to respond if a motion is served by mail. "Underlying [Civ.R. 6] is the premise that the party opposing the motion must have sufficient notice and opportunity to respond to avoid undue prejudice." *Portage Broom & Brush Co. v. Zipper*, 9th Dist. Summit No. 16409, 1994 WL 440441, *1 (Aug. 17, 1994). "[I]f a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error." *Gibson-Myers & Assoc., Inc. v. Pearce*, 9th Dist. Summit No. 19358, 1999 WL 980562, *4 (Oct. 27, 1999). *Accord White v. Aztec Catalyst Co.*, 9th Dist. Lorain No. 00CA007589, 2000 WL 1636023, *2-3 (Nov. 1, 2000).

{¶7} The trial court granted Heller's motion for relief from judgment three days after it was filed. The court did not set the matter for a hearing, notify the City that it would decide the motion without a hearing, or afford the City time to respond to the motion. Because Heller's motion indicated that he served the City by mail, the City had ten days to respond to it. *See* Civ.R. 6(D). "Although the court may not have run afoul of Civ.R. 6[(C)] if it had first notified the parties by order of its intention to set a shorter response period, the court did not do so." *Capital One Bank v. Jarvis*, 9th Dist. Summit No. 26302, 2012-Ohio-2606, ¶ 7. The court granted Heller's motion without giving the City notice and before the expiration of the ten-day time period allotted for a response by the Rules of Civil Procedure. "The record reflects that [the City] did not have a meaningful opportunity to respond to [Heller's] motion, and the court disregarded the response period set forth in Civ.R. 6[(C)] when it granted the motion. Therefore,

---

[1] Former Civ.R. 6(D) reads identically.

the trial court committed reversible error." *Id.* at ¶ 7. The City's third assignment of error is sustained.

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WHERE APPELLEE FAILED TO DEMONSTRATE HIS ENTITLEMENT TO RELIEF UNDER CIV.R. 60(B)[(1)-(5)].

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WHERE APPELLEE FAILED TO DEMONSTRATE THAT THE MOTION WAS TIMELY FILED PURSUANT TO CIV.R. 60(B).

**{¶8}** In its first and second assignments of error, the City argues that the trial court abused its discretion by granting Heller's motion because it was untimely and failed to satisfy the requirements of Civ.R. 60(B). Based on our resolution of the City's third assignment of error, however, the City's first and second assignments of error are not yet ripe for our review. Accordingly, we decline to address them at this time. *See Equable Ascent Fin. v. Ybarra*, 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, ¶ 10.

III

**{¶9}** The City's third assignment of error is sustained. We decline to address the City's first and second assignments of error, as they are not yet ripe for our review. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CHERI B. CUNNINGHAM, Director of Law, and SHELLEY A. GOODRICH and JANET M. CIOTOLA, Assistant Directors of Law, for Appellant.

TERRY HELLER, pro se, Appellee.