**[Cite as *Custom Utilicom, Inc. v. Cornerstone Installations, L.L.C.*, 2016-Ohio-2613.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CUSTOM UTILICOM, INC. | C.A. No. 27907 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CORNERSTONE INSTALLATIONS, LLC | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 14 CV 07036 |

DECISION AND JOURNAL ENTRY

Dated: April 20, 2016

MOORE, Presiding Judge.

{¶1} Plaintiff, Custom Utilicom, Inc. ("Custom"), appeals from the judgment of the Akron Municipal Court. We reverse.

I.

{¶2} On September 5, 2014, Custom filed a complaint in the trial court against Cornerstone Installations LLC ("Cornerstone"). Custom alleged that it had performed utility construction services for Cornerstone, for which Cornerstone had failed to tender payment. Cornerstone did not answer the complaint, and Custom filed a motion for default judgment. The trial court granted the motion for default judgment, awarding Custom $9,536, plus interest, costs, and attorney fees. Thereafter, Custom moved for a debtor's examination. The trial court scheduled the debtor's examination and ordered Cornerstone's agent to appear at the examination with certain documents.

{¶3}     Cornerstone's agent failed to appear at the debtor's examination. Thereafter, Custom filed a motion seeking the trial court to issue an order requiring Cornerstone's agent to show cause as to why he should not be held in contempt of court. The trial court then ordered Cornerstone's agent to appear in the trial court to show cause for his failure to appear at the debtor's examination. Thereafter, Custom filed a motion requesting the trial court issue a bench warrant for the agent's arrest and to award Custom attorney fees because it claimed that, although the agent had appeared at the show cause hearing, at which point a debtor's examination proceeded, the agent had failed to provide the documents that he was ordered to bring to the debtor's examination. The agent then responded to the trial court in a letter requesting that it deny Custom's motion for a bench warrant, maintaining that he sent Custom's attorney the documentation requested on the order for a debtor's examination and that he would resend the documentation. Shortly thereafter, on May 12, 2015, the agent named in the motion for a bench warrant sent a document to the court in which the agent requested a "60B vacate order." On May 21, 2015, the trial court set a date for a status conference on June 8, 2015, however, the record does not contain a transcript or other indication of what transpired at this status conference. On June 11, 2015, counsel for Cornerstone filed a motion to vacate default judgment pursuant to Civ.R. 60(B). On the same date, at the same time as that which appears on the time-stamp on the motion to vacate, 10:53 a.m., a journal entry granting the motion to vacate was filed. Within the order, the trial court permitted Cornerstone seven days to file its answer and counterclaim. Cornerstone filed its answer and counterclaim, which also bears a June 11, 2015 time stamp and reflects the time of 10:54 a.m.

**{¶4}** Custom appealed from the trial court's June 11, 2015 order granting Cornerstone's motion to vacate default judgment. It now presents two assignments of error for our review. We have re-ordered the assignments of error to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY GRANTING [CORNERSTONE'S] MOTION TO VACATE WITHOUT ALLOWING [CUSTOM] AN OPPORTUNITY TO RESPOND[.]

**{¶5}** In its second assignment of error, Custom argues that the trial court erred in granting Cornerstone's motion to vacate default judgment because it did not provide Custom an opportunity to respond. We agree.

**{¶6}** "It has been held that, 'unless notice and an opportunity to be heard are given to opposing parties, a trial court has no authority to vacate its judgment, whether upon motion or sua sponte.'" (Emphasis omitted.) *Portage Broom & Brush Co. v. Zipper*, 9th Dist. Summit No. 16409, 1994 WL 440441, *1 (Aug. 17, 1994), quoting *Consolidated Rail Corp. v. Forest Cartage Co.*, 68 Ohio App.3d 333, 338 (8th Dist.1990). The version of Civ.R. 6(C) in effect at the time of the Court's order at issue here "set forth the general notice provision that applies to written motions." *Akron v. Heller*, 9th Dist. Summit No. 26969, 2013-Ohio-5228, ¶ 5. "That rule provide[d] that '[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.'" *Id.*, quoting former Civ.R. 6(C). "Civ.R. 6(D) gives a party three additional days to respond if a motion is served by mail." *Heller* at ¶ 5. "[I]f a trial court disregards the response time created by the

Ohio Rules of Civil Procedure, that court has committed reversible error." *Gibson-Myers & Assocs., Inc. v. Pearce*, 9th Dist. Summit No. 19358, 1999 WL 980562, *4 (Oct. 27, 1999).

{¶7} Here, the trial court granted Cornerstone's motion[1] at the same time as the filing of the motion. The certificate of service on the motion indicates it was mailed to Custom's attorney on the same day as filing (June 11, 2015). "The court did not set the matter for a hearing, notify [Custom] that it would decide the motion without a hearing, or afford [Custom] time to respond to the motion." *See Heller* at ¶ 7. Accordingly, Custom did not have a meaningful opportunity to respond to Cornerstone's motion, "and the court disregarded the response period set forth in [former] Civ.R. 6[(C)] when it granted the motion. Therefore, the trial court committed reversible error." *Id.*, quoting *Capital One Bank v. Jarvis*, 9th Dist. Summit No. 26302, 2012-Ohio-2606, ¶ 7.

{¶8} Therefore, Custom's second assignment of error is sustained.

**<u>ASSIGNMENT OF ERROR I</u>**

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY GRANTING [CORNERSTONE'S] MOTION TO VACATE WHEN [CORNERSTONE] FAILED [TO] PROVE THAT IT HAS A MERITORIOUS DEFENSE TO [CUSTOM'S] CLAIMS AND FAILED TO DEMONSTRATE EXCUSABLE NEGLECT IN NOT FILING AN ANSWER WHEN IT HAD ACTUAL NOTICE OF [CUSTOM'S] COMPLAINT FILED IN THIS MATTER[.]

---

[1] Custom maintains that the journal entry vacating default judgment filed on June 11, 2015 corresponds with the motion to vacate judgment filed on the same date, at the same time. Although Cornerstone's agent had previously sent a letter requesting a "60B vacate order[,]" there is no indication that June 11, 2015 order was vacating judgment on the basis of the request in the agent's letter, which appears to have been filed on his own behalf and not on behalf of Cornerstone.

{¶9} In its first assignment of error, Custom argues that the trial court erred by granting Cornerstone's motion to vacate because it failed to demonstrate excusable neglect or a meritorious defense.

{¶10} Our disposition of the second assignment of error requires reversal of the trial court's order vacating default judgment, which renders our review of the first assignment of error premature. *See Heller*, 2013-Ohio-5228, at ¶ 8. Accordingly, we decline to address it. *Id.*

III.

{¶11} Custom's second assignment of error is sustained. Custom's first assignment of error is not yet ripe for review. The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

> CARLA MOORE
> FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

ROBERT E. SOLES, JR., KARA DODSON, FAITH DYLEWSKI and GREGORY FRIEND, Attorneys at Law, for Appellant.

CORNERSTONE INSTALLATIONS, LLC, Appellee.