[Cite as *Sypherd v. Sypherd*, 2021-Ohio-2490.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KELI M. SYPHERD

    Appellee/Cross-Appellant

v.

MARK SYPHERD

    Appellant/Cross-Appellee

C.A. Nos.    29671
                29679

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2007 10 3306

## DECISION AND JOURNAL ENTRY

Dated: July 21, 2021

CARR, Presiding Judge.

**{¶1}** Appellant/Cross-Appellee, Mark Sypherd ("Father"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. Appellee/Cross-Appellant, Keli Jones ("Mother"), appeals from the same order. This Court reverses and remands.

I.

**{¶2}** Father and Mother married in 1999. Three children were born of the marriage. Father and Mother were subsequently divorced in 2008 and the trial court incorporated the parties' separation agreement and shared parenting plan into the divorce decree. The parties agreed that the children would reside with Father from Monday evening to Wednesday evening each week. The children would reside with Mother for the remaining weekdays. On alternating weekends, Father would have parenting time from Saturday afternoon until Sunday evening. The shared parenting plan further provided for a standard parenting time schedule for vacations and holidays. Father was ordered to pay $625 per month in child support, in accord with the parties' agreement.

That amount reflected a downward deviation from the child support guidelines calculation based on the amount of time the children spent with each parent.

{¶3} Thereafter, the amount of child support Father was ordered to pay Mother was increased on a temporary basis due to Mother's unemployment. On October 1, 2010, however, the amount of child support reverted to its prior level of $625 per month.

{¶4} The parties have continued to share parental rights and responsibilities, although the shared parenting plan has been modified on multiple occasions. In the years immediately following the journalization of the divorce decree, Mother successfully moved to modify the shared parenting plan so that the children would reside with her during the school week in order to alleviate difficulties caused by the midweek transition. *See Sypherd v. Sypherd*, 9th Dist. Summit No. 25815, 2012-Ohio-2615, ¶ 28-31. In 2014, Father successfully moved for an increase in parenting time due to changes in his work schedule.

{¶5} On April 11, 2018, Father filed a motion for reallocation of parental rights and responsibilities and a commensurate modification of child support. In support of his motion, Father alleged that the children had expressed a desire to spend more time with him. Father asked to be designated as the primary residential parent and for an increase in his parenting time.

{¶6} On June 25, 2018, the Summit County Child Support Enforcement Agency ("CSEA") filed a recommendation to modify child support. At Mother's request, CSEA had conducted an administrative review of the parties' child support order earlier in the year. Mother's request for a review preceded the filing of Father's motion to reallocate parental rights and responsibilities. CSEA recommended that Father's monthly child support obligation should be increased to $972.23 per month plus a processing fee. Father promptly requested a hearing on the

CSEA recommendation and asked that it be scheduled at the same time as the hearing on his motion to reallocate parental rights and responsibilities.

{¶7} The matter ultimately proceeded to a hearing before a magistrate on both Father's motion to reallocate parental rights and responsibilities as well as the CSEA recommendation to modify child support. The magistrate issued a decision making numerous findings. The parties reached an agreement where Father's parenting time was increased. The magistrate made two separate determinations with respect to child support. Father was ordered to pay $774.67 per month plus a processing fee. This magistrate specified that this order was retroactive to May 1, 2018, and would remain in effect until January 31, 2019, pursuant to the CSEA determination. Effective February 1, 2019, Father was ordered to pay Mother child support in the amount of $399.67 plus a processing fee. The magistrate found that this second child support amount accounted for the parties' modified shared parenting agreement. The trial court adopted the magistrate's decision the same day it was issued.

{¶8} Both Mother and Father filed objections to the magistrate's decision challenging the awards of child support. Thereafter, the trial court issued a journal entry summarily overruling the parties' objections on the basis that there had not been a substantial change in circumstances. The trial court further ordered that "[t]he prior orders with respect to child support and health insurance remain in full force and effect."

{¶9} Now before this Court, Father raises two assignments of error. Mother raises three cross-assignments of error. This Court rearranges and consolidates certain assignments of error in order to facilitate review.

II.

## ASSIGNMENT OF ERROR I

THE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO RECOGNIZE THAT FATHER HAD PROVEN THAT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES HAD OCCURRED THAT WAS NOT CONTEMPLATED BY THE PARTIES AT THE LAST CHILD SUPPORT CALCULATION ORDER BECAUSE FATHER'S INCOME HAD SUBSTANTIALLY DECREASED BETWEEN 2008 AND 2018, WIFE'S INCOME HAD SUBSTANTIALLY INCREASED BETWEEN 2008 AND 2018, AND FATHER'S PARENTING TIME WITH THE CHILDREN HAD RECENTLY INCREASED TO A TRUE 50%-50% SHARED PARENTING TIME ARRANGEMENT.

## CROSS-ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN REQUIRING A SUBSTANTIAL CHANGE IN CIRCUMSTANCES FOR AN ADMINISTRATIVE REVIEW OF CHILD SUPPORT.

## CROSS-ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FINDING OF A CHANGE IN CIRCUMSTANCES CONTAINED IN THE MAGISTRATE'S DECISION. (Sic)

{¶10} In his first assignment of error, Father argues that the trial court erred when it determined that he failed to demonstrate a substantial change in circumstances since the time of the last child support order. In her first cross-assignment of error, Mother argues that the trial court erred in concluding that a change in circumstances was necessary for administrative review of the parties' child support obligation. In her second assignment of error, Mother argues that even assuming arguendo that she was required to show a change in circumstances, the record reflects that there was a substantial change in circumstances since the time of the last child support order.

{¶11} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219

(1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶12} The Ohio Revised Code provides for multiple ways in which a child support obligation may be modified. One way is for a party to request a modification pursuant to former R.C. 3119.79, which states as follows:

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstances substantial enough to require a modification of the child support amount.
>
> * *
>
> (C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in [R.C. 3119.22].

{¶13} Where the original child support order resulted from an agreement by the parties, R.C. 3119.79(A) must be read in concert with R.C. 3119.79(C) to determine whether a modification is proper. *See Hill v. Hill*, 9th Dist. Summit No. 27915, 2016-Ohio-910, ¶ 11.

{¶14} A party may also request a review and modification of child support through CSEA. *See* R.C. 3119.60, 3119.61 and 3119.76. A party may request an administrative review of child support every 36 months from the most recent child support order. Ohio Adm.Code 5101:12-60-

05.1(D). An adjustment is appropriate when "[t]he recommended amount of a child support obligation or a cash medical support obligation is more than ten per cent different than the existing obligation[.]" Ohio Adm.Code 5101:12-60-05(D)(1).

{¶15} In this case, the matter proceeded to a hearing before a magistrate on both Father's motion as well as the CSEA recommendation for a modification of child support. The evidence presented at the hearing showed that CSEA's administrative review process had commenced prior to the time that Father filed his motion to modify parental rights and responsibilities. The parties were ultimately able to reach an agreement at the hearing regarding Father's request for additional parenting time. Much of the testimony at the hearing focused on the CSEA recommendation. The magistrate issued a decision on February 12, 2019, containing two separate child support modification orders based on two separate worksheets. The magistrate ordered that Father's child support obligation would be $774.67 per month plus processing charges from May 1, 2018, through February 1, 2019. The magistrate further ordered that Father's child support obligation would be $399.67 per month plus processing charges starting on February 1, 2019. On the same day that the magistrate's decision was issued, the trial court adopted the magistrate's decision and made it the order of the court pursuant to Civ.R. 53(D)(4)(e)(i).

{¶16} Both Mother and Father filed objections to the findings underpinning the child support orders in the magistrate's decision.

{¶17} The trial court issued an order dismissing the objections on January 14, 2020. Therein, the trial court noted that "[t]he current order for child support is $625 per month." Instead of substantively addressing the parties' objections to the magistrate's decision, the trial court simply "overruled and dismissed[]" the objections on the basis that "there has not been a

substantial change in circumstances." The trial court further ordered that "[t]he prior orders with respect to child support and health insurance remain in full force and effect."

{¶18} Under these circumstances, the trial court's judgment must be reversed and remanded for the trial court to address the parties' objections. Civ.R. 53(D)(4)(d) provides, in part, that "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate had properly determined the factual issues and appropriately applied the law." Here, the trial court failed to undertake such an analysis and instead summarily overruled all of the parties' objections on the basis that there had not been a substantial change in circumstances. A finding of a substantial change in circumstances is not required for an administrative modification of child support. *See Hannah v. Hannah*, 8th Dist. Cuyahoga No. 103012, 2016-Ohio-1538, ¶ 17. While Mother and Father ultimately seek different results in this matter, they are in agreement that the trial court erred in summarily overruling the parties' objections. It follows that this matter must be remanded for the trial court to address the parties' objections in the first instance.

{¶19} Father's first assignment of error, as well as Mother's first and second cross-assignments of error, are sustained.

### ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION AND ERRED WHEN IT FAILED TO GRANT FATHER A DEVIATION IN WHICH EACH PARTY HAD 50% OF THE COMBINED INCOME TO RAISE THE CHILDREN IN EACH PARTY'S HOME SINCE THE PARTIES HAVE PARENTING TIME WITH THE CHILDREN FOR EQUAL TIME THROUGHOUT THE YEAR.

{¶20} In his second assignment of error, Father argues that the trial court abused its discretion when it declined to grant him a deviation in his child support obligation given that his parenting time increased pursuant to the parties' shared parenting plan. In light of this Court's

resolution of Father's first assignment of error, as well as Mother's first and second cross-assignments of error, we decline to address Father's second assignment of error as it has been rendered moot.  *See* App.R. 12(A)(1)(c).

### CROSS-ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO ALLOCATE THE COST OF
THE TRANSCRIPT OF THE HEARING, WHERE BOTH PARTIES OBJECTED
TO THE MAGISTRATE'S DECISION.

{¶21}  In her final cross-assignment of error, Mother contends that the trial court erred in failing to allocate the cost of the transcript between the parties.  Relying on Loc.R. 27.04 of the Summit County Court of Common Pleas, Domestic Relations Division, Mother argues that because Father benefitted from her purchase of the transcript, the trial court should have required that he share in the cost of the transcript.

{¶22}  An objection to a factual finding of a magistrate, "whether or not specifically designated as a finding of fact * * *, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding[.]"  Civ.R. 53(D)(3)(b)(iii).  "The duty to provide a transcript or affidavit to the trial court rests with the [party] objecting to the magistrate's decision." *Swartz v. Swartz*, 9th Dist. Medina No. 11CA0057-M, 2011-Ohio-6685, ¶ 8.  The Summit County Court of Common Pleas, Domestic Relations Division has enacted Loc.R. 27.04, which addresses objections to magistrate's decisions.  Loc.R. 27.04 provides, in pertinent part:

> (C) If a transcript is required, a praecipe to the court reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the court reporter for the assigned judge and filed with the Clerk of Courts at the time of filing the objection. * * * If a praecipe to the court reporter is not filed at the time of filing the objection, and the objection is to any fact found by the magistrate, the objection may be overruled.

> (D) A deposit of costs to secure the transcript must be paid to the assigned court reporter within 14 days of the filing of the objection and praecipe to court reporter.

If the deposit for the costs of a transcript is not made within 14 days of the filing of the objection and the praecipe to court reporter, the objection may be overruled.

{¶23} Appellate review of this issue is premature at this time. At the conclusion of her brief in support of her objections to the magistrate's decision, Mother requested that the trial court allocate the cost of the transcript between the parties. While the trial court made a general finding that costs were to be divided equally, it did not specifically address payment for the transcript in its journal denying the parties' objections. We decline to address the issue at this time as the parties will have the opportunity to formally move for the allocation of costs on remand.

## III.

{¶24} Father's first assignment of error is sustained. Mother's first and second cross-assignments of error are also sustained. This Court declines to address Father's second assignment of error as it has been rendered moot. We decline to address Mother's third cross-assignment of error as it is premature. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant/Cross-Appellee.

LESLIE GRASKE, Attorney at Law, for Appellee/Cross-Appellant.